## BROWN *v.* NEW JERSEY.

ERROR TO THE COURT OF OYER AND TERMINER OF HUDSON COUNTY, STATE OF NEW JERSEY.

No. 290.   Argued October 30, 1899. — Decided November 20, 1899.

Sections 75 and 76, of Chapter 237 of the Laws of New Jersey of 1898, contained the following provisions: "Sec. 75.   The Supreme Court, Court of Oyer and Terminer and Court of Quarter Sessions, respectively, or any judge thereof, may on motion in behalf of the State, or defendant in any indictment, order a jury to be struck for the trial thereof, and upon making said order the jury shall be struck, served and returned in the same manner as in case of struck juries ordered in the trial of civil causes, except as herein otherwise provided."   "Sec. 76.   When a rule for a struck jury shall be entered in any criminal case, the court granting such rule may, on motion of the prosecutor, or of the defendant, or on its own motion, select from the persons qualified to serve as jurors in and

for the county in which any indictment was found, whether the names of such persons appear on the sheriff's book of persons qualified to serve as jurors in and for such county or not, ninety-six names, with their places of abode, from which the prosecutor and the defendant shall each strike twenty-four names in the usual way, and the remaining forty-eight names shall be placed by the sheriff in the box in the presence of the court, and from the names so placed in the box the jury shall be drawn in the usual way." By sections 80 and 81 it was provided that where there is no struck jury, and the party is on trial for murder, he is entitled to twenty peremptory challenges, and the State to twelve; but in the case of a "struck jury" each party is allowed only five peremptory challenges : *Held,*

(1) That these provisions are not in conflict with the Constitution of the United States ;

(2) That the highest court of the State of New Jersey having held that they are not in conflict with the constitution of that State, this court is foreclosed on that question by that decision.

THE plaintiff in error was, on October 5, 1898, in the Court of Oyer and Terminer of Hudson County, New Jersey, found, guilty of the crime of murder. On March 6, 1899, the judgment of the Court of Oyer and Terminer was affirmed by the New Jersey Court of Errors and Appeals, and the case being remanded to the trial court, plaintiff in error was, on April 19, 1899, sentenced to be hanged. The jury which tried the case was what is known to the New Jersey statutes as a "struck jury," authority for which is found in c. 237, Laws of New Jersey, 1898, p. 894. Sections 75 and 76 read as follows :

"SEC. 75. The Supreme Court, Court of Oyer and Terminer and Court of Quarter Sessions, respectively, or any judge thereof, may, on motion in behalf of the State, or defendant in any indictment, order a jury to be struck for the trial thereof, and upon making said order the jury shall be struck, served and returned in the same manner as in case of struck juries ordered in the trial of civil causes, except as herein otherwise provided.

"SEC. 76. When a rule for a struck jury shall be entered in any criminal case, the court granting such rule may, on motion of the prosecutor, or of the defendant, or on its own motion, select from the persons qualified to serve as jurors in and for

the county in which any indictment was found, whether the
names of such persons appear on the sheriff's book of persons
qualified to serve as jurors in and for such county or· not,
ninety-six names, with their places of abode, from which the
prosecutor and the defendant shall each strike twenty-four
names in the usual way, and the remaining 'forty-eight names
shall be placed by the sheriff in the box, in the presence of the
court, and from the names so placed in the box the jury shall
be drawn in the usual way."

By sections 80 and 81 of that statute, where there is no
"struck jury" and the party is on trial for murder, he is
entitled to twenty peremptory challenges and the State to
twelve, but in the case of a "struck jury" each party is
allowed only five peremptory challenges.

*Mr. William D. Daly* for plaintiff in error. *Mr. Joseph M.
Noonan* was with him on the brief.

*Mr. James S. Erwin* for defendant in error.

Mr. JUSTICE BREWER, after making the above statement of
the case, delivered the opinion of the court.

That the statutory provisions for a struck jury are not in
conflict with the constitution of New Jersey is for this court
foreclosed by the decision of the highest court of the State.
*Louisiana* v. *Pilsbury*, 105 U. S. 278, 294; *Hallinger* v. *Davis*,
146 U. S. 314, 319; *Forsyth* v. *Hammond*, 166 U. S. 506.

The first ten amendments to the Federal Constitution con-
tain no restrictions on the powers of the State, but were
intended to operate solely on Federal Government. *Barron*
v. *Baltimore*, 7 Pet. 243; *Fox* v. *Ohio*, 5 How. 410; *Twitchell*
v. *Commonwealth*, 7 Wall. 321; *United States* v. *Cruikshank*,
92 U. S. 542, 552; *Spies* v. *Illinois*, 123 U. S. 131; *In re
Sawyer*, 124 U. S. 200, 219; *Eilenbecker* v. *District Court of
Plymouth County*, 134 U. S. 31; *Davis* v. *Texas*, 139 U. S.
651; *McElvaine* v. *Brush*, 142 U. S. 155; *Thorington* v. *Mont-
gomery*, 147 U. S. 490; *Miller* v. *Texas*, 153 U. S. 535.

The State has full control over the procedure in its courts, both in civil and criminal cases, subject only to the qualification that such procedure must not work a denial of fundamental rights or conflict with specific and applicable provisions of the Federal Constitution. *Ex parte Reggel,* 114 U. S. 642; *Iowa Central Railway* v. *Iowa,* 160 U. S. 389; *Chicago, Burlington & Quincy Railroad* v. *Chicago,* 166 U. S. 226. "The Fourteenth Amendment does not profess to secure to all persons in the United States the benefit of the same laws and the same remedies. Great diversities in these respects may exist in two States separated only by an imaginary line. On one side of this line there may be a right of trial by jury, and on the other side no such right. Each State prescribes its own modes of judicial proceeding." *Missouri* v. *Lewis,* 101 U. S. 22, 31.

The State is not tied down by any provision of the Federal Constitution to the practice and procedure which existed at the common law. Subject to the limitations heretofore named it may avail itself of the wisdom gathered by the experience of the century to make such changes as may be necessary. For instance, while at the common law an indictment by the grand jury was an essential preliminary to trial for felony, it is within the power of a State to abolish the grand jury entirely and proceed by information. *Hurtado* v. *California,* 110 U. S. 516.

In providing for a trial by a struck jury, empanelled in accordance with the provisions of the New Jersey statute, no fundamental right of the defendant is trespassed upon. The manner of selection is one calculated to secure an impartial jury, and the purpose of criminal procedure is not to enable the defendant to select jurors, but to secure an impartial jury. "The accused cannot complain if he is still tried by an impartial jury. He can demand nothing more. *Northern Pacific Railroad* v. *Herbert,* 116 U. S. 642. The right to challenge is the right to reject, not to select a juror. If from those who remain an impartial jury is obtained, the constitutional right of the accused is maintained." *Hayes* v. *Missouri,* 120 U. S. 68, 71.

Due process and equal protection of the laws are guaranteed by the Fourteenth Amendment, and this amendment operates to restrict the powers of the State, and if trial by a struck jury conflicts with either of these specific provisions it cannot be sustained. A perfectly satisfactory definition of due process may perhaps not be easily stated. In *Hurtado* v. *California*, 110 U. S. 516, 537, Mr. Justice Matthews, after reviewing previous declarations, said: "It follows that any legal proceeding enforced by public authority, whether sanctioned by age and custom or newly devised in the discretion of the legislative power, in furtherance of the general public good, which regards and preserves these principles of liberty and justice, must be held to be due process of law." In *Leeper* v. *Texas*, 139 U. S. 462, 468, Chief Justice Fuller declared " that law in its regular course of administration through courts of justice is due process, and when secured by the law of the State the constitutional requirement is satisfied." Within any and all definitions trial by a struck jury in the manner prescribed must, when authorized by a statute, valid under the constitution of the State, be adjudged due process. A struck jury was not unknown to the common law, though, as urged by counsel for plaintiff in error, it may never have been resorted to in trials for murder. But if appropriate for and used in criminal trials for certain offences, it could hardly be deemed essentially bad when applied to other offences. It gives the defendant a reasonable opportunity to ascertain the qualifications of proposed jurors, and to protect himself against any supposed prejudices in the mind of any particular individual called as a juror. Whether better or not than any other method, it is certainly a fair and reasonable way of securing an impartial jury, was provided for by the laws of the State, and that is all that due process in this respect requires.

It is said that the equal protection of the laws was denied because the defendant was not given the same number of peremptory challenges that he would have had in a trial before an ordinary jury. In the latter case he would have been entitled under the statute to twenty peremptory challenges, but when a struck jury is ordered he is given only five.

But that a State may make different arrangements for trials under different circumstances of even the same class of offences, has been already settled by this court. Thus, in *Missouri* v. *Lewis*, 101 U. S. 22, in certain parts of the State an appeal was given from a final judgment of a trial court to the Supreme Court of the State, while in other parts this was denied; and it was held that a State might establish one system of law in one portion of its territory and a different system in another, and that in so doing there was no violation of the Fourteenth Amendment. So, in *Hayes* v. *Missouri*, 120 U. S. 68, it appeared that a certain number of peremptory challenges was allowed in cities of over 100,000 inhabitants, while a less number was permitted in other portions of the State. It was held that that was no denial of the equal protection of the laws, the court saying, page 71: "The Fourteenth Amendment to the Constitution of the United States does not prohibit legislation which is limited either in the objects to which it is directed, or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed."

It is true that here there is no territorial distribution, but in all cases in which a struck jury is ordered the same number of challenges is permitted, as similarly in all cases in which the trial is by an ordinary jury. Either party, State or defendant, may apply for a struck jury, and the matter is one which is determined by the court in the exercise of a sound discretion. There is no mere arbitrary power in this respect, any more than in the granting or refusing of a continuance. The fact that in one case the plaintiff or defendant is awarded a continuance and in another is refused does not make in either a denial of the equal protection of the laws. That in any given case the discretion of the court in awarding a trial by a struck jury was improperly exercised may perhaps present a matter for consideration on appeal, but it amounts to nothing more.

Perceiving no error in the record, the judgment is

*Affirmed.*

Mr. Justice HARLAN concurred in the result.