---

Ex parte MUNN.

(District Court, W. D. Kentucky.   September 29, 1905.)

COURTS—HABEAS CORPUS—JURISDICTION OF FEDERAL COURTS—VIOLATION OF CONSTITUTIONAL RIGHTS.

Under Rev. St. § 753 [U. S. Comp St. 1901, p. 592], which provides that "the writ of habeas corpus shall in no case extend to a prisoner in jail unless he is in custody * * * in violation of the Constitution or of a law or treaty of the United States," a federal court has no power on such a writ to discharge a prisoner confined for contempt by a state court for refusing to answer questions as a witness, on the ground that his answers might incriminate him; the provision of the fifth constitutional amendment that no person shall be compelled in a criminal case to be a witness against himself being a limitation solely on the powers of the national government and its courts and officers.

[Ed. Note.—Jurisdiction of federal courts in habeas corpus, see note to In re Huse, 25 C. C. A. 4.]

Petition for Writ of Habeas Corpus.

Augustus E. Willson, for petitioner.
Johnson & Hieatt, for respondent.

EVANS, District Judge.   It appears, in substance, from the petition in this case, that in a proceeding in the Jefferson county court against the petitioner for the assessment of certain taxation claimed by the state of Kentucky, on property alleged to have been owned by the petitioner, and which it was claimed he had omitted from his sworn

returns theretofore made, he was called upon to testify as a witness against himself. In the course of his examination he was asked certain questions which he refused to answer, upon the ground that his answers might tend to criminate him, or, in any event, might subject him to a penalty of 20 per cent. upon the value of any property he might be shown to have omitted from his tax schedules. Though the county court ruled that his refusal was not maintainable, he, upon the grounds already stated, persisted, and, consequently, was adjudged to be in contempt of the court's authority. Having been thereupon sentenced to the county jail, he has presented his petition for a writ of habeas corpus.

Section 753 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 592], contains this provision:

"The writ of habeas corpus shall in no case extend to a prisoner in jail, unless he is in custody * * * in violation of the Constitution or of a law or treaty of the United States," etc.

The petitioner being in jail under the judgment of the state court, the first, and indeed, the principal question for us to determine is: Is he in custody in violation of the Constitution or of any law of the United States? The learned counsel for the petitioner admits, and on its face, the petition shows, that the chief ground upon which the application for the writ is made is that compelling the petitioner, as a witness for the state, to answer questions which will tend to criminate him, and subject him to a penalty, is a violation of the fifth article of the amendments to the Constitution of the United States, which, so far as applicable to this case, is in this language:

"No person * * * shall be compelled in any criminal case to be a witness against himself."

In the two most important cases of Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, and Counselman v. Hitchcock, 142 U. S. 580, 12 Sup. Ct. 195, 35 L. Ed. 1110, the Supreme Court has clearly defined the meaning of the phrase, "criminal case," and, possibly within that definition, might be included such a proceeding as that in the county court. But we are not called upon to consider that question, for the decision of the pending application must turn upon other considerations.

Probably no proposition has been adjudicated with more frequency by the Supreme Court than that article 5, and, indeed, that all of the 10 first amendments to the federal Constitution (constituting what is called the federal Bill of Rights) were intended solely as limitations upon the powers of the national government, its courts and officers, including Congress. It was so held in Barron v. Baltimore, 7 Pet. 243, 8 L. Ed. 672; Twitchell v. Commonwealth, 7 Wall. 325, 19 L. Ed. 223; Edwards v. Elliott, 21 Wall. 557, 22 L. Ed. 487; United States v. Cruikshank, 92 U. S. 552, 23 L. Ed. 588; Presser v. Illinois, 116 U. S. 265, 6 Sup. Ct. 580, 29 L. Ed. 615; Spies v. Illinois, 123 U. S. 166, 8 Sup. Ct. 21, 31 L. Ed. 80; Talton v. Mayes, 163 U. S. 382, 16 Sup. Ct. 986, 41 L. Ed. 196; Brown v. New Jersey, 175 U. S. 174, 20 Sup. Ct. 77, 44 L. Ed. 119; and in many other cases. Indeed, since the opinion delivered by Chief Justice Marshall in Barron v. Baltimore, the proposition has never been questioned.

The conclusion must be drawn in this case that the petitioner is not in custody in violation of the fifth amendment, but is in custody under the operation of the laws of the state of Kentucky alone, upon which laws that amendment has no bearing; it having relation alone to the powers of federal government and its courts and officers. In short, as the fifth amendment was designed exclusively as a limitation upon the powers, authority, and conduct of the national government, its stress in no wise touches the laws or the judicial tribunals of the state of Kentucky, and therefore it has no force for the relief of the petitioner. If he is in contempt of a state court, it is a matter for that court and other tribunals authorized to review its rulings. If he has any right to be exempted from answering the questions put to him, and which he refused to answer, the right to such exemption is not founded upon the fifth amendment to the Constitution of the United States, but upon a very similar provision in section 11 of the Constitution of Kentucky, and his claim to such exemption can alone be adjudicated by the state tribunals. His imprisonment not being in violation of the Constitution or laws of the United States, section 753 of the Revised Statutes must control.

It is also suggested that the action of the county court did not conform to due process of law; but it seems to have been conformable to the usual practice of the state courts in cases of contempt, and there seems to be little force in this contention. Besides, federal tribunals will never attempt to revise possible errors in state court proceedings through the medium of a writ of habeas corpus. While they should unhesitatingly uphold all the rights of the citizen, so far as they are fixed and guarantied by the supreme law of the land, they should always be clear as to their jurisdiction to act in any given case. Instead of being clear that I have any power in this case, I am altogether confident that I have none.

Hence the petition for the writ will be denied.