JOSLIN MANUFACTURING CO. *vs.* WALTER L. CLARKE, City Treas., *et al.*

SCITUATE LIGHT & POWER CO. *vs.* WALTER L. CLARKE, City Treas., *et al.*

THERESA B. JOSLIN *vs.* WALTER L. CLARKE, City Treas. *et al.*

JULY 6, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Constitutional Law.*

Pub. Laws, cap. 1278, "An act to furnish the City of Providence with a Supply of Pure Water." is not obnoxious to Cons. U. S. Articles V and XIV of amendments.

*(2)  Constitutional Law.*

The first ten amendments to the federal constitution are restrictions on the powers of the federal government and not upon the powers of the State governments.

BILL IN EQUITY. Certified on constitutional question, under Gen. Laws, cap. 298, § 1.

STEARNS, J. The proceeding in each of these causes is by a bill in equity, which was brought in the Superior Court to restrain the City of Providence, its agents and servants, from taking possession of or interfering with the property of the complainants. The constitutionality of an act of the General Assembly having been brought in question by the pleadings and upon the record, the three causes were then certified to this court for the determination of the constitutional questions, in accordance with the provision of Chapter 298, Sec. 1, Gen. Laws.

The statute in question is Chapter 1278 of the Public Laws, which is entitled, "An Act to furnish the City of Providence with a Supply of Pure Water." The claim is that the statute is unconstitutional in that it violates the provisions of Articles V and XIV of the Amendments of the Constitution of the United States.

In *Joslin Mfg. Co. v. Clarke*, 41 R. I. 350, decided in 1918, in proceedings between the same parties and upon the same statement of facts as in the present proceedings, we held that said Chapter 1278 was not unconstitutional and was not in conflict with the provisions of Sections 5 or 10 of Article I of the Constitution of Rhode Island or with the provisions of Article XIV of the Amendments of the Constitution of the United States.

In the present proceedings it is not now claimed that the act is in violation of any provision of the State constitution, but the claim is that the act is in violation of Article V and Article XIV of the Amendments of the federal constitution. The only new question thus raised is, Is the act in violation of the provisions of Article V of the Amendments of the Constitution of the United States? The first ten amendments to the federal constitution are restrictions on the powers of the federal government and not upon the powers of the State governments. *State* v. *Paul*, 5 R. I. 185 (1858); *State* v. *Keeran*, 5 R. I. 497; *State* v. *Flynn*, 16 R. I. 10; *In re Liquors of Fitzpatrick*, 16 R. I. 60; *State* v. *Brown & Sharpe Mfg. Co.*, 18 R. I. 16; *Shaw* v. *Silverstein*, 21 R. I.

500; *Opinion to the Governor*, 21 R. I. 582; *State v. Armeno*, 29 R. I. 431; *East Shore Land Co.* v. *Peckham et al.*, 33 R. I. 541; *Barron* v. *The Mayor & City Council of Baltimore*, 7 Peters, 243 (1833). In *U. S.* v. *Cruikshank et al.*, 92 U. S. 542 (1875), Chief Justice WAITE, speaking of the first ten amendments, said that they were not intended to limit the powers of the State governments in respect to their own citizens but to operate upon the national government alone and after citing authorities continued as follows: "It is now too late to question the correctness of this construction. As was said by the late Chief Justice, in *Twitchell* v. *the Commonwealth*, 7 Wall. 325, 'the scope and application of these amendments are no longer subjects of discussion here.'" See also *Spies* v. *Illinois*, 123 U. S. 131; *Brown* v. *New Jersey*, 175 U. S. 172; *Twining* v. *New Jersey*, 211 U. S. 78, and cases cited therein.

Our decision is that said Chapter 1278 is not in violation of either Article V or Article XIV of the Amendments of the Constitution of the United States.

The papers in these causes with our decision certified thereon are ordered to be sent back to the Superior Court for further proceedings.

*Robert H. McCarter, Francis I. McCanna, Alfred G. Chaffee*, for complainants. *James Harris*, of counsel.

*Elmer S. Chace, City Solicitor, Albert A. Baker*, for respondent.