# Richmond.

## MAY v. DILLARD, SHERIFF.

### November 16, 1922.

1. CONSTITUTIONAL LAW—*Jeopardy—Fifth Amendment of the Constitution of the United States—Application in State Courts.*—The fifth amendment of the Constitution of the United States providing that no person shall be twice placed in jeopardy for the same offense has no application in the State courts.

2. JEOPARDY—*Jail Sentence—Service on the State Convict Road Force.*—Defendant was sentenced to pay a fine and to confinement in jail for six months and thereafter until the fine and costs were paid. Defendant was thereafter ordered by the judge of the court in which he was convicted, pursuant to section 2075 of the Code of 1919, to be delivered to the Superintendent of the Penitentiary and to serve on the State convict road force, and was so delivered. It was argued that the court having sentenced defendant to confinement in jail could not thereafterwards place him again in jeopardy for the same offense by ordering him to be delivered to the Superintendent of the Penitentiary.

   *Held:* That there was no second jeopardy under section 8 of the Constitution of 1902. The order for service on the State convict road force was not a necessary part of the judgment of conviction.

3. PRISONS AND PRISONERS—*Fines—Limitation of Confinement where Prisoner is Working Out Fines.*—The limitation of confinement for the nonpayment of a fine is three months, under section 4953 of the Code of 1919, and six months under section 2095 of the Code of 1919. There are many prisoners confined in jail that do not constitute a part of the State convict road force, as constituted by section 2073 of the Code of 1919—for example, female prisoners—and it is to this class that section 4953 applies.

4. PRISONS AND PRISONERS—*Credit for Good Behavior—State Convict Road Force.*—Under Code of 1919, section 2075 and section 2094 as amended by Acts of 1920, chapter 10, page 11, in working out the time for the payment of a fine on the convict road force the prisoner is entitled to the same credit for good behavior as when serving his jail sentence.

5. PRISONS AND PRISONERS—*Fines—Convict Road Force—Erroneous Return of Prisoner by Superintendent of Penitentiary.*—Where a prisoner ordered to be delivered to the Superintendent of the Penitentiary to

serve on the State convict road force, pursuant to section 2075 of the Code of 1919, was returned to the jailor of the county where he was convicted under the erroneous impression that he had completed his term of service, his position as a member of the State convict road force was unaltered and he should be returned to the Superintendent of the Penitentiary to complete his sentence.

Error to a judgment of the Circuit Court of Rockingham county on a petition for a writ of habeas corpus. Writ denied and petitioner assigns error.

*Affirmed.*

The opinion states the case.

*Chas. A. Hammer*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General* and *Leon, M. Bazile, Second Assistant Attorney-General*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

May was convicted in the Circuit Court of Rockingham county of violating the prohibition law on May 11, 1921, and sentenced to pay a fine of $500.00 and to confinement in jail for six months and thereafter until the fine and costs were paid. He was also required to give bond in the penalty of $3,000.00, with security, not to violate the prohibition law for a period of one year. He was thereafter ordered by the judge of said court, pursuant to section 2075 of the Code, to be delivered to the Superintendent of the Penitentiary to serve on the State convict road force, and was so delivered. The judgment of conviction directed that he be given credit on his jail sentence for fifty-two days for the period spent in jail awaiting trial. The Superintendent of the Penitentiary gave him credit for the fifty-two days, and also for ten days a month for good

behavior, pursuant to sections 2094 and 5017 of the Code.

Section 4953 of the Code provides that, where a person is confined in jail for the nonpayment of a fine and costs, the confinement shall not exceed three months. The superintendent, supposing that this section applied to May's case, calculated that his term had expired, and returned him to the jailor of Rockingham county on November 21, 1921, because his bond for good behavior had not been given.   May gave this bond on December 24, 1921, and asked to be discharged, but the jailor refused to discharge him, and thereupon on January 16, 1922, he applied to the judge of the Circuit Court of Rockingham county for a writ of *habeas corpus* to be discharged from custody, but the judge, being of opinion that the case was controlled by section 2095 of the Code, and not by section 4953, refused to discharge him, and the case is now before us on a writ of error to that judgment.   Section 2095 of the Code provides that "no person shall be held to labor in any chain gang for the nonpayment of any fine imposed upon him for a longer period than six months."   The context shows that the same limitation applied to members of the convict road force.

Two objections are urged to the judgment complained of.   First: The circuit court, having sentenced the petitioner to confinement in jail for six months, "was without power to undo or change it, and place petitioner again in jeopardy for the same offense in violation of the rights secured to him by section 8 of the Constitution of Virginia and article 5, as amended, of the Constitution of the United States."

[1, 2] The fifth amendment of the Constitution of the United States has no application to proceedings in the State courts.   *Brown* v. *New Jersey*, 175 U. S. 172,

20 Sup. Ct. 77, 44 L. Ed. 119; *Forbes* v. *Southern Cotton Oil Co.*, 130 Va. 245, 256, 108 S. E. 15, and cases cited. There was no second jeopardy under section 8 of the State Constitution. Section 2075 of the Code was in force when the offense was committed and when the prisoner was tried and convicted. That section provides that upon the written request of the Superintendent of the Penitentiary the judge of the circuit court *shall*, unless the prisoner shows good cause to the contrary, order any male person who has been convicted of a misdemeanor and sentenced to jail as a punishment, or who is imprisoned for failure to pay a fine, to be delivered to the Superintendent of the Penitentiary to work in the State convict road force. The statute fixed the penalty, and it was entirely competent for the legislature to determine the manner of its enforcement. No question of the guilt or the innocence of the accused was involved, nor of the duration of his confinement. The order for service in the State convict road force was not a necessary part of the judgment of conviction. The statute prescribed the additional penalty and the manner of its enforcement, and this attached *ipso facto* to the judgment of conviction, without formal entry in such judgment. The method of enforcing the penalty, whether by requiring it to be made a part of the judgment, or as prescribed by the statute, could neither help nor harm the petitioner. If the prisoner has "good cause" for not working on the roads, the statute gives him the right to show it to the judge. If he has not, then the statute annexes it as a part of the penalty for the offense. It is a mere statutory regulation for the treatment of jail prisoners, and is no more a necessary part of the judgment of conviction than the treatment of penitentiary convicts is a part of the judgment of conviction of a felony. This objection is without merit.

[3] The second objection to the judgment of the trial judge is that section 4953 and not section 2095 is applicable to petitioner's case. The limitation of confinement for the nonpayment of a fine is three months, under section 4953, and six months under section 2095. There are many prisoners confined in jail that do not constitute a part of the State convict road force, as constituted by section 2073—for example, female prisoners—and it is to this class that section 4953 applies. The learned trial judge well says:

"Section 4953 of the Code has nothing to do with the working out of fines, or with chain gangs or convict road forces. It relates only to prisoners *confined in jail* and prescribes a time limit on *confinement in jail* for nonpayment of fine or costs under certain other statutory provisions providing for such confinement, but the confinement does not satisfy the fine and costs in whole or in part, same continuing to be judgment debt due the Commonwealth to be enforced by execution, or otherwise.

"Section 2095, on the other hand, relates to prisoners who have been committed to and become a part of the State convict road force, and who are entitled to compensation for their labor, to be credited on the fine and costs. Here, too, is a time limit specified beyond which a prisoner cannot be held to labor, but the time limit in this case is six months.

"Similar to section 2095 is section 4950 of the Code (in the same chapter with 4953) by which it is provided that one sentenced to confinement in jail until he pays a fine and costs or under a *capias pro fine*, may be hired out to anyone who will pay the fine and costs, but not *for more than six months*. The three months of section 4953 does not apply here, why should it apply to the time of labor on the State convict road force

where the law especially applying to the case also pre-scribed six months as in the hiring case."

We are of opinion that the trial judge committed no error in holding that section 2095 of the Code applies to the case of the petitioner.

[4] We are further of opinion that, in working out the time for the payment of the fine, the prisoner is entitled to the same credit for good behavior as when serving his jail sentence. Code, sections 2075 and 2094, as amended by Acts 1920, chapter 10, page 11.

[5] We are further of opinion that the return of the petitioner to the jailor of Rockingham county, under the erroneous impression that he had completed his term of service, did not alter his position as a member of the State convict road force, and that he is still a member of such force, and that the jailor of Rockingham county should, in accordance with section 2075 of the Code, ascertain the number of days the petitioner will have to serve to complete his sentence, after allowing the proper credits, including the days he has been in the custody of said jailor since his return to him as aforesaid, and deliver the petitioner to the Superintendent of the Penitentiary to complete his said sentence.

*Affirmed.*