Appellant has petitioned for a rehearing. The sole ground presented in the petition why a rehearing ought to be granted is that the order of the district court denying appellant's motion to vacate the judgment denies to appellant rights guaranteed to her by the 5th and 14th Amendments to the Constitution of the United States.
The contention that appellant has been denied rights guaranteed to her by the 5th Amendment is clearly untenable. It is settled beyond all controversy that the first ten amendments to the federal Constitution were intended to operate solely on the federal government and not as restrictions on state governments. Brown v. New Jersey, 175 U.S. 172, 44 L. ed. 119, 20 Sup. Ct. Rep. 77.
The contention that the judicial proceeding in question operated to deprive the appellant of her property without due process, in contravention of the 14th Amendment of the Constitution of the United States and the counterpart thereof in the state Constitution, is fully answered by what is said in the former opinion. "Due process of law" is synonymous with "due course of the law of the land." In the former opinion we determined that the judgment which appellant *Page 759 
sought to vacate had been obtained conformably to the law of this state. In other words, we determined that the judgment had been rendered pursuant to due process.
The petition for rehearing is denied.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and NUESSLE, JJ., and BERRY, Dist. J., concur.