## Commonwealth v. Schwalm

*Joseph J. Zapitz*, for Commonwealth.

*H. S. Stutzman*, for defendant.

DALTON, J., January 10, 1949.—This is an action of assumpsit by the Commonwealth to recover the expenses incurred by the Department of Forests and

114

Waters in extinguishing a forest fire. The complaint avers that "certain forests . . . were set on fire by the said defendant, . . . his agents, employees, and workmen", but does not specify whether the fire was caused intentionally, negligently or accidentally. The suit is based on the Act of April 3, 1929, P. L. 135, 32 PS §314 et seq., which provides that "every person causing a forest fire within this Commonwealth, directly or by the act of an agent or employe, shall be liable to the Commonwealth for all expenses incurred by the Department of Forests and Waters on account of such fire."

Defendant construes the statute as imposing liability without fault, and has therefore filed preliminary objections wherein he contends that the statute violates article I, secs. 9 and 11 of the Constitution of Pennsylvania and the fifth amendment to the Constitution of the United States. The fifth amendment to the Federal Constitution has no applicability to this case, inasmuch as the fifth amendment is a limitation on the powers of the Federal Government and not on the powers of the States: Barron v. Baltimore, 7 Pet. 243, 8 L. Ed. 672; Spies v. Illinois, 123 U. S. 131, 166, 31 L. Ed. 80, 86; Brown v. New Jersey, 175 U. S. 172, 44 L. Ed. 119.

So far as our research discloses, the precise question here raised is one of first impression in this State.

In reference to absolute liability, the Supreme Court of the United States, in New York Central R. R. Co. v. White, 243 U. S. 188, 204, 61 L. Ed. 667, 675, said:

"Much emphasis is laid upon the criticism that the act creates liability without fault. This is sufficiently answered by what has been said, but we may add that liability without fault is not a novelty in the law. The common-law liability of the carrier, of the inn-keeper, of him who employed fire or other dangerous agency or harbored a mischievous animal, was not dependent altogether upon questions of fault or negligence. Stat-

utes imposing liability without fault have been sustained."

The early common law of torts was almost entirely one of absolute liability: Eldredge, Modern Tort Problems, p. 30. Under the common law of England, the owner of property from which a fire escaped was liable for the damages caused by its spread, regardless of the cause of the fire and regardless of negligence in permitting it to spread, but this rule was subsequently modified by the statutes of 6 Anne, chap. 31, section 67 and 14 Geo. III, chap. 78, sec. 86. See 22 Am. Jur. 601 §9; 42 A. L. R. 784. In this country, some States have imposed absolute liability by statute: 22 Am. Jur. 597 §4, 45 A. L. R. 876; 36 C. J. S. 813 §11. Numerous States have imposed absolute liability on railroads for damage caused by fire communicated by locomotives, and these statutes have been uniformly upheld as constitutional by the appellate courts of the States enacting them and also by the Supreme Court of the United States. See St. Louis & San Francisco Railway Co. v. Mathews, 165 U. S. 1, 41 L. Ed. 611; 22 Am. Jur. 613 §31. As stated in 53 A. L. R. 876, the consensus of judicial opinion in those cases seems to be that "the legislature has the power to declare which of two parties shall bear the burden of a loss resulting from the negligence of neither." And in Campbell v. Missouri Pac. Ry. Co., 121 Mo. 340, 25 S. W. 936, it was said:

"There is no reason why the common law could not, or indeed, should not, be restored, in cases in which the lawful use of property by one necessarily exposes the property of others to damage by fire."

The statute presently involved does not impose liability for damage caused to private owners of land; it goes only so far as to impose liability for the expenses incurred by the Commonwealth "on account of such fire." A statute imposing liability for expenses in-

curred by the State in extinguishing a forest fire was upheld as valid in State v. Phillips, 176 Minn. 472, 223 N. W. 912.

However, in the case at bar we are of opinion that a decision on the constitutional question raised would be premature at the present stage of the litigation. "It is a fundamental rule that a court will never pass on the constitutionality of a statute unless it is absolutely necessary to do so in order to decide the cause before it": Commonwealth v. Picard et al., 296 Pa. 120, 124; DeSarro v. Snowdon et al., 157 Pa. Superior Ct. 150, 154. The complaint is ambiguous, and it is not at all clear from the Commonwealth's brief of argument whether it is resting its case on absolute liability or on an intentional or negligent act. When the facts are fully developed it may not be necessary to construe the statute as imposing liability without fault, and consequently the constitutional question may not require decision. The preliminary objections are therefore dismissed without prejudice and defendant is directed to file an answer on the merits.

It follows from this disposition that nothing in this opinion is to be construed as a definitive decision that the statute imposes absolute liability, or that, if so construed, it does not violate the Constitution of this State. Our discussion is to be taken merely as an observation of what has been declared to be the law in other jurisdictions.

And now, January 10, 1949, the preliminary objections to the complaint are dismissed without prejudice to the right of defendant to raise the same legal questions at a later stage of this action. Defendant is allowed 20 days from this date to file an answer on the merits.