### STATE v. ROBERT WILLIAMS.

(Filed 20 January, 1961.)

**1. Constitutional Law § 20—**

The Fifth Amendment to the Federal Constitution contains no restrictions on the powers of the State but operates solely on the Federal Government, and therefore a State prosecution of a Negro for trespass in refusing to leave a drug store lunch counter after being requested to do so cannot violate any rights guaranteed by this section of the Federal Constitution.

**2. Same:   Trespass § 9—**

> The operator of a private drug store on private property has the right
> to discriminate on the basis of race as to persons whom he will serve
> at the soda fountain of the store, and evidence that a Negro sat at
> the counter and demanded service and refused to leave after request
> is sufficient to be submitted to the jury in a prosecution for trespass.

An APPEAL by defendant from *Armstrong, J.,* 10 May 1960 Regular
Criminal Term, of UNION.

Criminal action tried *de novo* on appeal from the Recorder's Court
of Union County on a warrant charging that defendant on 11 March
1960 in Union County "unlawfully and willfully, did enter and tres-
pass upon the land and premises of Jones Drug Company, Inc., after
having been forbidden to enter said premises and not having a license
to enter said premises and did unlawfully refuse to leave upon request
contrary to the form of the statute in such case made and provided,
and against the peace and dignity of the State."

Plea: Not Guilty. Verdict: Guilty of trespass as charged in the
warrant.

From judgment imposed in accord with the verdict, defendant appeals.

*T. W. Bruton, Attorney General, and Ralph Moody, Assistant At-
torney General, for the State.*

*T. H. Wyche and W. B. Nivens for defendant, appellant.*

PARKER, J.   Defendant testified in his own behalf. He has in sub-
stance two assignments of error. One, the denial by the court of his
motion for judgment of compulsory nonsuit made at the close of all the
evidence. He contends the motion should have been granted for two
reasons: First, the insufficiency of the evidence, and second, on con-
stitutional grounds. Two, this part of the charge: "Now, the court
instructs you that the right of an operator of a private business, such
as a drugstore and operating a lunch counter, to select the people it
will serve or not serve is a right that our law recognizes."

The evidence for the State tends to show the following facts: On
11 March 1960, Jones Drug Company, Inc., was a privately owned
retail drugstore situate in the town of Monroe. In it is a soda fountain
with eleven stools, where sandwiches, coffee and soft drinks are sold.
On the afternoon of 11 March 1960 defendant, a Negro, came into
this store with ten or eleven teen-age Negro boys, and they sat down
on the stools at the counter at the soda fountain. Whereupon, W. R.
May, secretary, treasurer, part owner of the drugstore, and one of
its managers, went to defendant, and asked him to leave, telling him

they would not serve him at the fountain. He told him to leave several times. Defendant refused to leave. May told defendant he was going to get a trespass warrant, if he did not leave. Defendant said he couldn't get one. Then May went to the police station to get a warrant leaving defendant sitting on a stool at the soda fountain. The warrant in the case was sworn out by May.

After May left to procure a warrant, Dolan Jones, president of the drug company and co-manager, went over and told defendant, "that the store belonged to us, and it wasn't our custom of serving colored people at the fountain sitting at the stools and that we had the privilege of serving who we wanted to or who we didn't want to, and to save trouble it would be good for him to get up and get on out." Defendant continued to sit there. About ten or fifteen minutes after Jones told defendant to get out, defendant got up and went out, then he came back in and sat down again. After a while he went out again.

Defendant presents for decision in his written motion for judgment of compulsory nonsuit on constitutional grounds the same constitutional questions that were presented and decided in the cases of *S. v. Avent et al.,* decided this day, ante 253, 118 S.E. 2d 47, with the addition that he contends that his rights guaranteed by the equal protection and due process classes of the Fifth Amendment to the Federal Constitution were violated, as well as by the similar provisions of the Fourteenth Amendment.

In his brief he states these questions are presented for decision: One. Did the court err in refusing to grant his motion for judgment of involuntary nonsuit when defendant, a Negro, went into the store of Jones Drug Company, Inc., and took a seat at an eating counter which was customarily open to members of the White race? Two. Did the judicial process here constitute State action as prohibited by the Fourteenth Amendment to the Federal Constitution? Three. Did the court err in its charge as set forth in his sole assignment of error thereto?

Defendant in his brief has not favored us with any mention or discussion as to the alleged violation of his rights under the Fifth Amendment to the Federal Constitution. The Fifth Amendment, "unlike the Fourteenth, has no equal protection clause." *Currin v. Wallace,* 306 U.S. 1, 14, 83 L. Ed. 441, 450. "The first ten amendments to the Federal Constitution contain no restrictions on the powers of the State, but were intended to operate solely on the Federal Government. . . . Due process and equal protection of the laws are guaranteed by the Fourteenth Amendment, and this amendment operates to restrict the powers of the State, . . . ." *Brown v. New Jersey,* 175 U.S. 172, 44

L. Ed. 119. Defendant has not shown that any of his rights were violated as guaranteed by the Fifth Amendment to the Federal Constitution, and we so hold.

The evidence was amply sufficient to carry the case to the jury. The constitutional questions presented for decision in this case, and the question presented by the assignment of error to the charge were decided in the cases of *S. v. Avent et al., supra.*

Upon the authority of those cases we find no error in the trial of the instant case. All defendant's assignments of error are overruled.

No error.