**Robert A. HOLLOWAY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 35-70.

United States Court of Appeals,
Tenth Circuit.

Oct. 12, 1970.

Ronald S. Pred, Denver, Colo., for appellant.

David L. Osborn, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

Holloway was convicted by a jury for the sale and delivery of a depressant or stimulant drug, lysergic acid diethylamide, in violation of 21 U.S.C. § 331 (q) (2). The sole question on appeal is whether the trial court erred in refusing to submit the defense of entrapment to the jury.

The commission of the crime is not disputed, nor are the essential facts. Dunne, a Government Agent, informed Glennon that if the latter knew of people dealing in LSD, Dunne would be interested in participating in a sale. Glennon

then contacted Caven and advised him that he had been approached by a prospective LSD buyer. Caven then got in touch with appellant. Holloway testified that his friend, Caven, told him that another youth wanted to purchase some LSD and asked for appellant's aid in locating a quantity. Holloway agreed to help. He purchased twenty LSD tablets at $3.50 each, then notified Caven who arranged for the meeting with Glennon to transact the sale.

Pursuant to prior arrangements, Glennon notified the Government Agent and they proceeded to the prearranged place of purchase, where Dunne bought the tablets for $100. It is undisputed that prior to the moment of the sale, Dunn had neither seen nor known of Holloway.

■ In urging the defense, Holloway seizes onto the fact that the Government Agent did not know of his existence prior to the transaction. This, appellant argues, establishes his status as an "otherwise innocent person," since the Agent could have had no knowledge of appellant's predisposition to commit the offense. Both the record and the controlling law refute this assertion. Although predisposition and criminal design are relevant factors to consider, the controlling question is "whether the defendant is a person otherwise innocent whom the Government is seeking to punish for an alleged offense which is the product of the *creative activity* of its own officials." [emphasis added]. Sorrells v. United States, 287 U.S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932).

The record dispels any doubt that appellant was an "otherwise innocent person," persuaded by the Government to deal in LSD. By his own testimony, Holloway conceded that he had previously used LSD and obviously knew where to make the purchases. When asked why he agreed to participate in the instant trans-

action, he responded: "Well, I needed money, really, really bad, because I hadn't been working for two months. * * * I figured it would be an easy way to get the money to live on."

Agent Dunne testified that immediately after the $100 purchase, he inquired of Caven whether he could deliver 1000 tablets of LSD. Caven said he probably could, and Holloway verbally agreed they could probably do it within three days. This combined testimony and the inferences springing therefrom completely dissipates any notion that Holloway was an innocent citizen, illegally induced to make the unlawful sale.

■ Holloway's lawyer admitted that the appellant had absolutely no contact with either Dunne or Glennon until the moment of the sale. The only person who approached Holloway was his friend Caven. The latter was not a government agent or informer, and did not know he was dealing with the Government until the arrest. On the undisputed facts, we can find not the slightest particle of evidence revealing entrapment, as that defense is defined in Sorrells, *supra.* Before the defense can fairly be said to have been presented, there must be some showing of conduct by government agents which may well have induced the accused to commit the crime charged. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963). Here, insofar as Holloway is concerned, the criminal intent did not originate with the Government, but with his friend Caven. In this setting, absent the critical "creative activity" by the law enforcement officers, entrapment is not a legally cognizable defense.[1]

■ When we view the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the prosecution,[2] the circumstances clearly show that neither Dunne nor Glennon

---

1. Crisp v. United States, 262 F.2d 68 (4th Cir. 1958); United States v. Perkins, 190 F.2d 49 (7th Cir. 1951). *But see* Johnson v. United States, 115 U.S. App.D.C. 63, 317 F.2d 127 (1963).

2. Riddle v. United States, 422 F.2d 1252 (10th Cir. 1970); Padilla v. United States, 421 F.2d 123 (10th Cir. 1970).

implanted a criminal intent in the mind of an otherwise innocent person. Rather, it clearly appears that Holloway was merely afforded the opportunity to effect the sale and delivery of LSD, and that he was ready and willing to take advantage of the opportunity so afforded.[3] In these circumstances, the trial court properly withheld the entrapment instruction.

Because of his untimely death, Judge Hickey did not participate in the decision in this case.

Affirmed.

3. *E. g.*, United States v. Freeman, 412 F.2d 1181 (10th Cir. 1969); Harris v. United States, 402 F.2d 464 (10th Cir. 1968); McCarthy v. United States, 399 F.2d 708 (10th Cir. 1968); Rowlette v. United States, 392 F.2d 437 (10th Cir. 1968).