**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas Lee CRAWFORD, Defendant-
Appellant.**

**No. 670–70.**

United States Court of Appeals,
Tenth Circuit.

June 22, 1971.

Victor R. Ortega, U. S. Atty., John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff-appellee.

Robert N. Singer, Albuquerque, N. M., for defendant-appellant.

Before BREITENSTEIN, ALDISERT * and BARRETT, Circuit Judges.

PER CURIAM.

Appellant Thomas Lee Crawford was convicted on five counts of unlawful possession of stolen mail in violation of 18 U.S.C. § 1708. On appeal he contends that: (a) his proffered questions on entrapment should have been asked by the court of the jurors during voir dire; and (b) that the prosecution did not prove his propensity to commit the crime in order to justify government agents contacting him with an offer to buy stolen credit cards.

We do not find Crawford's first contention persuasive. He cites Brundage v. United States, 365 F.2d 616 (10th Cir. 1966) and Frasier v. United States, 267 F.2d 62 (1st Cir. 1959). Those cases held that questions relating to racial bias and bias against mental illness were proper on voir dire. By analogy, Crawford argues that voir dire questions regarding bias to the defense of entrapment should have been asked.

* Of the Third Circuit, sitting by designation.

■ The purpose of voir dire is to enable the parties to obtain an impartial jury. Brown v. New Jersey, 175 U.S. 172, 20 S.Ct. 77, 44 L.Ed. 119 (1899); United States v. Williams, 417 F.2d 630 (10th Cir. 1969). The law reposes in the trial judge a wide discretion in the conduct of voir dire. Kreuter v. United States, 376 F.2d 654 (10th Cir. 1967), cert. denied 390 U.S. 1015, 88 S.Ct. 1267, 20 L.Ed.2d 165 (1968). This discretion is limited only by the essential demands of fairness. Aldridge v. United States, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931); Brundage v. United States, *supra*; Speak v. United States, 161 F.2d 562 (10th Cir. 1947).

■■ Rule 24 of the Federal Rules of Criminal Procedure provides that the Court may itself examine the jury or permit the defendant or his attorney to examine them. It provides that in the event the Court examines the jury, the Court shall permit the defendant or his attorneys and attorneys for the government to supplement the examination by such further inquiry as it deems proper, or shall submit to the jurors such additional questions by the parties or the attorneys as it deems proper. This rule vests the trial court with discretion to question jurors, the exercise of which will not be disturbed in the absence of a clear abuse thereof. Speak v. United States, *supra*; Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). It is not an abuse of discretion to refuse to permit questioning of jurors on propositions of law. United States v. Gillette, 383 F.2d 843 (2d Cir. 1967); Grandsinger v. United States, 332 F.2d 80 (10th Cir. 1964); Stone v. United States, 324 F.2d 804 (5th Cir. 1963), cert. denied 376 U.S. 938, 84 S.Ct. 793, 11 L.Ed.2d 659 (1964).

This court in Grandsinger v. United States, *supra*, held that refusal on voir dire examination to explain to jurors the terms "reasonable doubt" and "presumption of innocence" and refusal to ask jurors whether or not they would give the accused benefit of such rules did not constitute an abuse of discretion. There the Court informed the jurors of the presumption of innocence and at conclusion of the case instructed as to reasonable doubt.

■ In the case at bar, the Court adequately instructed the jury on the issue of entrapment at the conclusion of the case. Notwithstanding knowledge by the Court that Crawford was relying upon the defense of entrapment in light of the proffered questions, the trial judge could not know until the case was concluded whether the evidence justified instructions on that issue. The trial judge did instruct the jury on the defense of entrapment.

■ Crawford also contends that the government agent had no grounds to believe that he (Crawford) was involved in the sale of stolen credit cards when he was contacted by the agent and asked to sell him stolen credit cards. He claims that he was entrapped.

In Martinez v. United States, 373 F.2d 810, 812 (10th Cir. 1967) the general rule concerning entrapment was stated:

> "Entrapment occurs when the criminal design or conduct originates in or is the product of the government officials and is implanted by them in the mind of an innocent person."

In Newman v. United States, 299 F. 128, 131 (4th Cir. 1924), the Court said:

> "It is well settled that decoys may be used to entrap criminals, and to present opportunity to one intending or willing to commit crime." See also Ryles v. United States, 183 F.2d 944 (10th Cir. 1950).

Crawford had once been charged with a crime involving stolen credit cards. A police informant had given Crawford's name to authorities in connection with previous thefts of credit cards from the post office. The undercover agent was, accordingly, justified in approaching Crawford with an offer for purchase of stolen credit cards. Crawford's ready

acceptance evidenced his predisposition to commit such a crime. See Holloway v. United States, 432 F.2d 775 (10th Cir. 1970).

We affirm.