**VANDERWYDE v. DENNO, Warden.**

United States District Court,
S. D. New York.

July 24, 1953.

Rudolph Stand, New York City, for petitioner.

Frank S. Hogan, Dist. Atty., New York City, Richard G. Denzer, Asst. Dist. Atty., New York City, Nathaniel L. Goldstein, Atty. Gen. of New York, Theodore P. Halperin, Deputy Asst. Atty. Gen., for respondent.

WRIGHT, District Judge.

This is a motion for a writ of habeas corpus to deliver the petitioner from the custody of the Warden of Sing Sing Prison, a New York State Prison, located at Ossining, New York. Petitioner is confined there pursuant to a judgment of the Court of General Sessions, New York County, which convicted him of the crime of murder in the first degree. The motion here challenges the constitutionality, as applied to the petitioner, of New York Judiciary Law, McK. Consol. Laws c. 30, Section 749–aa, subd. 4 relating to the use of special juries in certain cases.

On motion of the District Attorney and over the objection of petitioner, the petitioner was tried by a special jury con-

vened pursuant to New York Judiciary Law, Section 749–aa, subd. 4. After exhausting his appellate remedies before the state courts [1], petitioner applied to the Supreme Court of the United States for a writ of certiorari [2], which was denied. Having exhausted his state remedies and having applied unsuccessfully to the Supreme Court for a writ of certiorari, he is properly before this court on motion for writ of habeas corpus. Brown v. ·Allen, 344 U.S. 443, 73 S.Ct. 397, 437, 28 U.S.C. § 2254.

Although petitioner urges several grounds as a basis for his application for a writ of habeas corpus only those grounds urged before and passed on by the state courts can be considered here. Brown v. Allen, supra; 28 U.S.C. § 2254. As shown in its remittitur [3] following its affirmance of petitioner's conviction, the Court of Appeals for the State of New York passed on the following contentions relating to the federal constitution: (1) that the moving papers filed by the District Attorney were insufficient under the state law to justify the use of a special jury and consequently the use thereof amounted to a denial of due process as required by the ·14th Amendment; · (2) that section 749–aa, subd. 4 of the Judiciary Law of New York as construed and applied in this case constitutes a denial of the due process required by the 14th Amendment.

The jury before whom the petitioner was tried and convicted was drawn from a list of persons constituting a panel of special jurors for New York County, which panel is maintained pursuant to Section 749–aa, subd. 4 of New York Judiciary Law. This section requires the county clerk of each county with a population of one million or more to keep a panel of persons available to sit as special jurors in a case whose "importance or intricacy" requires a special jury, or whose "subject-matter * * * has been so widely commented upon * * an ordinary jury cannot without delay and difficulty be obtained" to try it or in which "for any other reason the due efficient and impartial administration of justice * · * *" would be advanced by the use of a special jury. New York Judiciary Law, Section 749–aa, subds. 1, 4..

The statute. provides qualifications for special jurors in addition to those provided for ordinary jurors. See New York Judiciary Law, § 596. A special juror must never have been convicted of a criminal offense or adjudged guilty of fraud; he must have no conscientious scruples against the death penalty; he must be certain of his ability to remain uninfluenced by impressions gained otherwise than from the evidence; he must have no prejudice against circumstantial evidence or against any particular criminal law or defense; he must be able to abide by the rule that no adverse inference is to be drawn from the defendant's failure to testify in his own behalf. New York Judiciary Law, Section 749–aa, subd. 2.

Petitioner's first contention is that the moving papers filed by the District Attorney as a basis for his application for a special jury are insufficient. His point seems to be that the law provides for the use of a special jury only in intricate cases and that the moving papers filed by the District Attorney contain no facts upon which the court could conclude that petitioner's case was an intricate one. Petitioner apparently overlooks the fact that the statute provides for the use of a special jury not only in intricate cases but also in cases of importance. New York Judiciary Law, Section 749–aa, subd. 4. It could hardly be argued that a capital case is not one of importance. The Court of Appeals of New York, in recognizing the importance of a capital case, held that the possibility of imposing capital punishment alone is sufficient to justify the use of a special jury. People v. Hall, 169 N.Y. 184, 62 N.E. 170. Further, the Court of Appeals of New York by affirming the conviction of the petitioner upheld the sufficiency of the

1. People v. Vanderwyde, 304 N.Y. 937, 110 N.E.2d 882.

2. Vanderwyde v. New York, 345 U.S. 959,

73 S.Ct. 944; Id., 345 U.S. 1004, 73 S. Ct. 1142.

3. People v. Vanderwyde, 305 N.Y. 552, 111 N.E.2d 246.

moving papers. That decision, involving as it does the sufficiency of the moving papers under a state statute, is not subject to review by this or any other federal court. The alleged insufficiency of the moving papers does not pose a constitutional question. The Constitution does not regulate the modes of procedure in state courts beyond imposing the traditional concepts of fairness. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674; Brown v. New Jersey, 175 U.S. 172, 20 S.Ct. 77, 44 L.Ed. 119.

 Equally without merit is petitioner's contention that use of the special jury deprived the petitioner of due process. The constitutionality of the use of special juries under the New York statute has been specifically upheld by the Supreme Court in two cases. Moore v. New York, 333 U.S. 565, 68 S.Ct. 705, 92 L.Ed. 881; Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043. The issue made here was there resolved. Petitioner, however, submits in connection with his application the 18th Annual Report of the Judicial Council of the State of New York (1952) [4], and asserts that the statistics therein contained show that the special jury panel as compared to the ordinary panel is disproportionately weighted in favor of business people as opposed to working people and that there is a high ratio of convictions in cases tried before special juries. Petitioner does not claim that the disparities shown in the statistics are the result of purposeful exclusion or discrimination, nor is there anything in the record which would support such a thesis. Without proof of purposeful exclusion or discrimination there can be no denial of due process. Further, purposeful exclusion without more is not unconstitutional. Unless the exclusion is such as to deny a fair trial, there is no absence of due process. As the Supreme Court stated in the Fay and Moore cases, due process under the 14th Amendment does not require a particular procedure for the selection of juries in criminal cases. The injunction of the 14th Amendment requires conformity to standards of fundamental fairness that have won legal recognition. It does not attempt to impose a uniform procedure upon the several states whose legal systems stem from diverse sources of law and reflect different historical influences. Fay v. New York, 332 U.S. 261, 294–295, 67 S.Ct. 1613, 91 L.Ed. 2043.

A successful challenge to this judgment under the due process clause depends upon a showing that the defendant's trial was so unfair as to deprive him of due process of law and the burden of proof is upon the petitioner. The proof here on this point is less substantial than the proof adduced in the Fay case, and consequently the decision here is foreclosed by the decision there.

The motion for writ of habeas corpus is denied.

---

4. Similar reports were before the Supreme Court in Fay v. New York, supra.