Hyman Barshay, J.
The district attorney moves for an order directing that the defendants be tried before a special panel pursuant to the provisions of section 749-aa of article 18-B of the Judiciary Law. The defendants were indicted for the crime of murder in the first degree. The affidavit in support of this indictment sets forth — ‘ ‘ the action is one of great importance and intricacy involving, proof that the defendants were guilty of the crime of Murder in the First Degree and will involve intricate questions of law and fact. That the case is an extremely important one both from the standpoint of the people and defendant; that due efficient and proper administration of *541 justice will be advanced by having the trial before a special jury instead of the regular jury.” A bare statement of the provisions of the Judiciary Law constitute a mere conclusion and do not justify the court to grant an application for a special panel (People v. Brandenberg, 75 N. Y. S. 2d 851; People v. Van Arsdale, 175 Misc. 980; People v. Stemmer, 55 N. Y. S. 2d 160; People v. Di Blasio, N. Y. L. J., Jan. 13, 1955, p. 10, col. 6). While the prosecution will proceed on the theory of a felony murder, nevertheless, it is my opinion that I will be compelled on the evidence to submit to the jury all the degrees of homicide. It is likewise my belief that the likelihood of a conviction of murder in the first degree, though possible, is improbable. This court is not convinced that there is a genuine necessity for the granting of this application, despite the nature of the charge. The motion, therefore, is denied.