Abraham N. G-eller, J.
This is a motion by the People of the State of New York for a special jury pursuant to section 749-aa of the Judiciary Law. The seven defendants in the case have been indicted for murder in the first degree.
Section 749-aa provides that the court may order a special jury where “ it appears to the court that by, reason of the importance or intricacy of the case, a special jury is required, or that the subject-matter of the indictment or the issue to be tried has been so widely commented upon that the court is *246 satisfied that an ordinary jury cannot without delay and difficulty be obtained to try such issue ” (italics added).
Section 749-aa has been held constitutional by the Supreme Court of the United States in Fay v. New York (332 U. S. 261).
The Court of Appeals has held in People v. Hall (169 N. Y. 184) that the mere fact that a case involves a murder first degree indictment is sufficient to justify the trial court in exercising its discretion in granting a motion for a special jury on the ground of “ importance ” alone. (See Vanderwyde v. Denno, 113 F. Supp. 918.) Special juries have in fact been ordered, with rare exceptions, in murder first degree cases in this county and in neighboring counties within the city of New York for a long period of time.
The court is fully mindful of the criticisms of special juries that have been made by the Judicial Council of the State of New York, former Governor Herbert H. Lehman and others. No matter how valid said criticisms may appear to be, the subject of amending or eliminating the statutory provisions for special panels is one for the Legislature and not for the court. Nevertheless, special jury panels are permissible only in cases where the requirements of the statute have been fully met and it is clear from the moving papers that there are sound reasons for ordering the panel. In murder first degree cases the authorities on the subject have amply demonstrated the expediency and need for special jury panels. (People v. Hall, supra; People v. Van Arsdale, 175 Misc. 980.)
Under the present state of the law to deny a motion for a special jury in a murder first degree case, unless special circumstances be shown why the motion should not be granted, would be a failure properly to exercise the court’s discretion, a disregard of the authorities, and an invasion of legislative domain.
It would appear that the court found there were special circumstances in People v. Tkacsik (2 Misc 2d 540) relied on by the defendants.
The Grand Jury minutes submitted were read for the purpose of passing on this motion and the court finds that no special circumstances are reflected therein for the denial of the motion. In fact, there are circumstances here which might justify the granting of the motion for a special jury because of “ intricacy ” as there are complicated questions of law and fact which may arise by reason of the number of defendants and possible different degrees of relative responsibility of each in the murder charged.
The motion for a special jury is granted.