Abbaham N. (Teller, J.
This is a motion for a special jury pursuant to section 749-aa of the Judiciary Law. Defendant has been indicted for the crime of murder in the first degree.
Defendant opposes the application on the ground that the District Attorney has failed to allege any facts to show how the case is brought within the requirements of the statute. The moving papers simply set forth the usual formal grounds advanced on such an application.
However, it is well established that a capital case is of such “ importance ” that the simple allegation of an indictment for such a crime dispenses with the necessity of alleging facts to justify the use of a special jury (People v. Hall, 169 N. Y. 184, 196-197; Vanderwyde v. Denno, 113 F. Supp. 918, affd. on opinion below 210 F. 2d 105, cert. den. 347 U. S. 949; People v. Birch, 8 Misc 2d 245).
The question not raised by defendant but which, in the opinion of the court, should be considered is the impact upon this matter of a special jury of the recent amendments to the Penal Law relating to capital punishment.
In People v. Hall (supra, p. 196) the court stated: “ In prescribing the qualifications of special jurors, the legislature seems to have had capital cases primarily in mind, for the commissioner is prohibited from selecting any person as a special juror, ‘ who possesses such conscientious opinions with regard to the death penalty as would preclude his finding a defendant *683 guilty if the crime charged is punishable with death ’ ”. After reviewing the provisions and procedure relating to special jurors, the court concluded (p. 197): “ These provisions are designed to avoid the £ delay and difficulty ’ named in the statute, which is so frequently experienced in impaneling a jury in a capital case.”
In Vanderwyde v. Denno (113 F. Supp. 918, 919, supra), the court, citing People v. Hall (supra), held that under New York law “the possibility of imposing capital punishment alone is sufficient to justify the use of a special jury.”
It appears from documentary evidence submitted by defendant in connection with his application for removal of the action to the Children’s Court, that he was 15 years of age at the time of the alleged commission of the crime. Subdivision 3 of section 1045 of the Penal Law (added by L. 1963, ch. 994, eff. July 1, 1963) provides that a defendant found guilty after trial of murder in the first degree “ shall ” be sentenced to life imprisonment if the court is satisfied that he was under 18 years of age at the time of the commission of the crime. No death penalty is possible under such circumstances.
Thus, the rationale underlying the holding that a special jury is authorized merely upon the allegation that the indictment was for the crime of murder in the first degree no longer obtains in the situation where the defendant is clearly under 18 years of age, since the case would not then be a capital case and no unusual delay and difficulty would be experienced in impaneling a jury from the regular jury panel.
The motion is accordingly denied with leave to renew on a showing of such facts or circumstances as would otherwise satisfy the requirements of the statute.