UNITED STATES of America,
Appellee,

v.

Michael S. BUIE, Appellant.

No. 346, Docket 32826.

United States Court of Appeals
Second Circuit.

Argued Jan. 23, 1969.

Decided March 12, 1969.

Certiorari Granted June 23, 1969.
See 89 S.Ct. 2150.

Gary P. Naftalis, Asst. U. S. Atty., Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty. and Douglas S. Liebhafsky, Asst. U. S. Atty., on the brief), for appellee.

David A. Diamond, New York City (Harold J. Rothwax, New York City, on the brief), for appellant.

Before MEDINA, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

The defendant, Michael S. Buie, was convicted after jury trial of selling marihuana without the mandatory written order form required by 26 U.S.C. § 4742(a).[1] He was sentenced for an in-

---

1. Section 4742(a) provides that:
   "It shall be unlawful for any person, whether or not required to pay a spe-

cial tax and register under sections 4751 to 4753 inclusive, to transfer marihuana, except in pursuance of a

definite term not to exceed five years under the narcotics treatment and rehabilitation provisions of 18 U.S.C. § 4253 (a).

■ The main question presented is whether the Fifth Amendment privilege against self-incrimination can be invoked in a situation where the seller is convicted of selling marihuana in violation of section 4742(a). Since we are unable to distinguish this case from a prosecution for the unlawful transfer of narcotics under 26 U.S.C. § 4705(a), we affirm the conviction on the basis of United States v. Minor, 398 F.2d 511 (2 Cir.1968).

Section 4705(a) prohibits the sale of narcotics drugs unless the buyer furnishes a written order form "issued in blank for that purpose by the Secretary [of the Treasury] or his delegate." In *Minor*, we concluded that the seller is not required to register or in any way incriminate himself in order to comply fully with the provisions of section 4705(a), since it is "the purchaser of narcotics and not the seller [who] is under compulsion to apply for and obtain the requisite order form." *Id.* at 513. The seller, therefore, can comply with section 4705(a) simply by requiring prospective purchasers to produce a valid written order form. Although 26 C. F.R. § 151.201 requires the seller to write his name on the written order form and forward a triplicate copy to the district supervisor, this is not done until after the transaction is completed, and thus it is possible for the seller to comply with the literal requirements of section 4705(a) and avoid the self-incrimination dilemma.

The defendant urges that 26 U.S.C. § 4742(a) is significantly different from the transfer provision we upheld in *Mi-*

*nor*. Actually there is only one difference, and it is not crucial. Like 26 U.S. C. § 4705(a), the section involved here prohibits any transfer of marihuana unless the buyer furnishes the mandatory written order form. Before the purchaser can obtain the requisite order form, however, he must give not only his name but the name of the proposed seller and state how much marihuana he expects to purchase.[2] Since the defendant has been convicted of selling marihuana in violation of 26 U.S.C. § 4742(a), and since section 4742(c) states those conditions which must be met before the purchaser can obtain a written order form, we must consider these two sections together in determining whether compliance by the purchaser would have posed a self-incrimination dilemma to the seller. See Grosso v. United States, 390 U. S. 62, 65, 88 S.Ct. 709, 712, 19 L.Ed.2d 906 (1968), where Mr. Justice Harlan said that the risk of self-incrimination "may properly be determined only after assessment of the hazards of incrimination which would result from 'literal and full compliance' with all of the statutory requirements."

If section 4742(c) required the seller rather than the purchaser to write his name on the order form involved here as a prerequisite to any sale, this would undoubtedly violate the privilege against self-incrimination, since the seller would be "required, on pain of criminal prosecution, to provide information which he might reasonably suppose would be available to prosecuting authorities, and which would surely prove a significant 'link in the chain' of evidence tending to establish his guilt." Marchetti v. United States, 390 U.S. 39, 49, 88 S.Ct. 697, 703, 19 L.Ed.2d 889 (1968). Similarly, the self-incrimination dilemma would be real if the statute required both buyer

written order *of the person to whom such marihuana is transferred*, on a form to be issued in blank for that purpose by the Secretary [of the Treasury] or his delegate." [Emphasis added.]

2. 26 U.S.C. § 4742(c) provides in pertinent part:

"Whenever any of such forms are sold, the Secretary or his delegate shall cause the date of sale, the name and address of the proposed vendor, the name and address of the purchaser, and the amount of marihuana ordered to be plainly written or stamped thereon before delivering the same."

and seller to write their names on the written order form in advance of the proposed sale.

Our question, then, is whether the result should be different if the purchaser gives the name of the proposed seller. We think it should. As Judge Kaufman wrote in *Minor*, the privilege against self-incrimination is personal, and the seller therefore "cannot benefit from the privilege allegedly available to the buyer." 398 F.2d at 513. Even if we assume, then, that 26 U.S.C. § 4742(a) poses a self-incrimination dilemma to the *buyer*, *Minor* holds that the Fifth Amendment does not necessarily give immunity to the *seller*, "[I]t is clear that standing under the Fifth Amendment is not freely negotiable nor transferable." *Id.* at 513. This case is conceptually no different from a prosecution based on incriminatory admissions voluntarily made to a police informant. See *Hoffa v. United States*, 385 U.S. 293, 304, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).

The defendant also attempts to distinguish this case from *Minor* by suggesting that 26 U.S.C. § 4742(a) is aimed at a class "inherently suspect of criminal activity." *Marchetti v. United States, supra*, 390 U.S. at 57, 88 S.Ct. 697. In *Minor*, we held that section 4705(a) was "one section of an important and significant statutory scheme regulating the conduct of a lawful business," *id.* 398 F. 2d at 516, and concluded from the sizable class of legitimate users that the statute was not directed primarily at the criminal underworld. It is, of course, true that only 83 persons were registered under the marihuana laws in 1967. See U. S. Treasury Department, Bureau of Narcotics, Traffic in Opium and Other Dangerous Drugs 42 (1967). In the first year following enactment of the marihuana registration statute, however, there were 3,665 marihuana registrants,[3] a figure which strikes us as plainly not insignificant and which shows that there was a legitimate traffic in marihuana requiring regulation.

■ The defendant also raises a number of related claims on the defense of entrapment. At trial Buie admitted selling quantities of marihuana without the written order form on May 8, 1967 (Count I) and May 18, 1967 (Count II), but said he had been entrapped. He testified that he had been introduced to government agents by a friend named Arlaus, and that he had been urged by Arlaus to make the illegal sales. While admitting that Arlaus was present at only the first of the two sales, Buie testified that he would not have made the second sale except for the fact that the agents claimed the friendship of Arlaus. The jury returned verdicts of not guilty on Count I and guilty on Count II.[4]

Contending that the jury, if properly instructed, could have found that Arlaus induced the second sale as well as the first, Buie asserts. that the court erred in instructing the jury to consider each count separately. More specifically, he suggests that the jury should have been told to consider the possible effect on subsequent sales of any entrapment in connection with the first sale. Since there was no evidence linking Arlaus to the second transaction, however, we do not think that the circumstances warranted such instructions. Compare *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), where the government informer actively participated in every sale charged in the indictment. Even if we assume that Arlaus entrapped Buie into making the first sale, it does not follow that entrapment as to one transaction necessarily gives immunity as to all transactions. In any event, these instructions were not

3. These figures are for 1938, the first year of operation under the predecessor to 26 U.S.C. § 4753. See U. S. Treasury Department, Bureau of Narcotics, Traffic in Opium and Other Dangerous Drugs 56 (1966).

4. A third count, not relevant here, charged the defendant with the possession of illegally imported marihuana in violation of 21 U.S.C. § 176a. He was acquitted on this count.

requested by the defendant. Rule 30, Fed.R.Crim.P.; United States v. Re, 336 F.2d 306, 316 (2 Cir.), cert. denied 379 U.S. 904, 85 S.Ct. 188, 13 L.Ed.2d 177 (1964).

Buie also contends that the court should have given instructions which would have allowed the jury to find that Arlaus had acted either knowingly or unknowingly as a government agent. While the entrapment defense does not extend to inducement by private citizens, Pearson v. United States, 378 F.2d 555 (5 Cir.1967), the defense is available, of course, where government agents act through private citizens. Johnson v. United States, 115 U.S.App.D.C. 63, 317 F.2d 127, 128 (1963). Judge Cannella did instruct the jury that it should acquit the defendant if it found that the disputed sales were "induced by the government, either by themselves or with the aid and use of Arlaus," and we think these instructions were sufficient.[5] Indeed, Buie was acquitted on the only count involving a sale in which Arlaus was a participant.

The judgment is affirmed.

---

5. Judge Cannella also told the jury: "In the question of inducement, of course, the inducement must come from the government. You cannot be entrapped by a private person. The entrapment must be done by a government official or somebody acting under his orders and direction" [R. 307].