**UNITED STATES of America,**
**Plaintiff,**

v.

**Donald SIMON, Defendant.**

**No. 67–CR–45.**

United States District Court
W. D. Wisconsin.

June 30, 1969.

On Petition for Reconsideration
July 16, 1969.

Edmund A. Nix, U. S. Atty., John E. Clarke, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Larry A. Haukom, Madison, Wis., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Defendant has filed a motion to dismiss both counts of an indictment charging him with violations of the Marihuana Tax Act, 26 U.S.C. § 4741 et seq. Defendant contends that the timely assertion of his privilege against self-incrimination under the Fifth Amendment to the Constitution of the United States is a complete defense to the charges in the indictment.

Count I of the indictment charges that defendant transferred a quantity of marihuana not pursuant to a written order on a form issued in blank for that purpose by the Secretary of the Treasury or his delegate, in violation of 26 U.S.C. § 4742(a). Count II of the indictment charges that defendant was a transferee of and transported and facilitated the transfer of a quantity of marihuana without having paid the tax imposed by 26 U.S.C. § 4741(a), in violation of 26 U.S.C. § 4744(a).

In its consideration of defendant's motion to dismiss the indictment the court has been provided with supporting and opposing briefs and oral argument has been heard.

■ Subsequent to the filing of briefs and the hearing of oral argument the Supreme Court of the United States held in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (May 19, 1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (May 19, 1969), that the timely assertion of the privilege against self-incrimination provides a complete defense to a prosecution for violation of section 4744 (a). A motion to dismiss the indictment pursuant to Rule 12(b) (1), Federal Rules of Criminal Procedure, constitutes a timely assertion of the privilege in such a case. United States v. Covington, supra. Hence the defendant's motion to dismiss Count II of the indictment must be granted.

With respect to Count I of the indictment, the government contends that a prosecution for violation of section 4742 (a) is unaffected by Leary v. United States, supra, and United States v. Covington, supra. Defendant contends that these decisions are controlling with respect to Count I as well as Count II of the indictment.

In order to evaluate these contentions it is necessary to consider the relationship between section 4742(a) and section 4744(a) with regard to the privilege against self-incrimination. It is helpful also to understand the statutory scheme in which these provisions are to be found. Sections 4742(a) and 4744(a) are part of a complex, interrelated system for taxing the transfer of marihuana. Those who deal in marihuana are required by section 4751 of Title 26 to pay a special annual occupational tax and are required to register under section 4753. Section 4742(a), which defendant is charged with violating, makes it unlawful for any person, whether or

not required to pay the special tax imposed by section 4751 and to register under section 4753, to transfer marihuana except pursuant to a written order of the transferee on a form issued for that purpose by the Secretary of the Treasury or his delegate. Section 4742 (b) excepts from this requirement, however, transfers to patients by physicians, dentists, veterinary surgeons and other practitioners registered under section 4753; transfers pursuant to a written prescription of a physician, dentist, veterinary surgeon or other practitioner registered under section 4753; certain exports of marihuana under specified conditions; transfers to government and state officials; and transfers of the seeds of the plant from which marihuana is produced to any person registered under section 4753. Section 4742 (c) provides that the Secretary or his delegate is to make the forms available for sale and that whenever a form is sold the Secretary or his delegate is to record the date of sale, the name and address of the proposed vendor, the name and address of the purchaser, and the amount of marihuana ordered on the form before delivering it to the proposed transferee. Section 4742(d) provides that the original order form is to be given by the transferee to the tranferor and retained by the transferor for a period of two years; that a copy is to be retained by the transferee for a period of two years; that a copy is to be preserved in the records of the internal revenue district; and that either of the copies is to be admissible in evidence as an original. Section 4773 provides that the original and copies are to be open for inspection to federal, state, and local officials and that the Secretary of the Treasury or his delegate is authorized to furnish upon written request and payment of a minimal fee certified copies of the order forms on file to federal, state, and local officials. A tax is imposed by section 4741(a) on all transfers of marihuana which are required by section 4742 to be carried out pursuant to a written order form. Persons who have paid the special tax imposed by section 4751 and registered under section 4753 are assessed a transfer tax at the rate of $1 per ounce. Those who have paid the tax imposed by section 4751 and registered under section 4753 are assessed a transfer tax at the rate of $100 per ounce. The transfer tax is to be paid by the transferee at the time he obtains the order form, but if the transfer is made in violation of section 4742(a) without an order form and without payment of the transfer tax, the transferor also becomes liable for the tax, section 4741(b). Section 4744(a), which defendant is charged with violating, makes it unlawful for a person who is a transferee required to pay the tax imposed by section 4741(a) to acquire or obtain marihuana without payment of the tax or to transport or conceal or facilitate the transportation or concealment of any marihuana so acquired or obtained.

In Leary v. United States, *supra*, the Supreme Court concluded that these provisions, read according to their terms, require an illegal transferee of marihuana to expose himself to a "real and appreciable" [1] risk of self-incrimination since sections 4741 and 4742 require him in the course of obtaining an order form to identify himself as a transferee of marihuana who has not registered and paid the occupational tax under sections 4751–4753 and since section 4773 directs that this information should be conveyed to state and local law enforcement officials on request. Leary v. United States, supra, 395 U.S. at 16, 89 S.Ct. 1532. In addition, since the possession

1. The quoted language has its origin in Reg. v. Boyes, 1 B & S 311, 330 (1861). See also Brown v. Walker, 161 U.S. 591, 599, 16 S.Ct. 644, 40 L.Ed. 819 (1896); Rogers v. United States, 340 U.S. 367, 374, 71 S.Ct. 438, 95 L.Ed. 344 (1951);

Marchetti v. United States, 390 U.S. 39, 48, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 67, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Haynes v. United States, 390 U.S. 85, 97, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

of marihuana is a crime in every state [2], and since those who might legally possess marihuana under state law are virtually certain to be registered under section 4753 or to be exempt from the order form requirement, the Supreme Court concluded that "the class of possessors who are both unregistered and obliged to obtain an order form constitute 'a select group inherently suspect of criminal activities'". Leary v. United States, supra at 18, 89 S.Ct. at 1538–1539. (quoting from Albertson v. Subversive Activities Control Board, 382 U.S. 70, 79, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965)).

■ It is clear from the statutory scheme and the discussion in Leary v. United States, *supra*, that the danger of self-incrimination inherent in the transfer tax requirement arises primarily from the written order form requirement for it is the order form which elicits and preserves the incriminating information. Therefore, it appears that a prosecution for transferring marihuana not pursuant to a written order form in violation of section 4742(a) is as

vulnerable to a timely assertion of the privilege against self-incrimination as is a prosecution for being a transferee of and transporting and facilitating the transfer of marihuana without having paid the transfer tax imposed by section 4741(a), in violation of section 4744(a).

Nevertheless, the government contends that a prosecution for violation of section 4742(a) is not vulnerable to a timely assertion of the privilege against self-incrimination. The government relies primarily on United States v. Minor, 398 F.2d 511 (2d Cir. 1968) cert. granted 395 U.S. 932, 89 S.Ct. 2000, 23 L.Ed.2d 447 (June 2, 1969), which held that the privilege against self-incrimination does not afford a defense to a prosecution for selling narcotics without the written order form required by 26 U.S.C. § 4705 (a).

■ A possible distinction between the assertion of the privilege against self-incrimination as a defense to a prosecution for violation of section 4742

2. See e. g. Ala.Code Tit. 22, §§ 232–258 (1958); Alaska Stat. §§ 17.10.010–17.-10.240 (1962); Ariz.Rev.Stat. §§ 36–1001 to 36–1024 (1956); Ark.Stat. §§ 82–1001 to 82–1024 (1947); Cal. Health and Safety Code §§ 11001–11853 (1964); Colo.Rev.Stat. §§ 48–5–1 to 48–5–21 (1963); Conn.Gen.Stat. §§ 19–443 to 19–504 (1968); Del.Code Ann., Tit. 16 §§ 4701–4722 (1967); D.C.Code §§ 33–401 to 33–425 (1967); Fla.Stat.Ann. §§ 398.01–398.24 (1960); Ga.Code Ann. §§ 42–801 to 42–822, 42–917 to 42–919 (1957); Hawaii Rev.Laws §§ 52–10 to 52–39 (1955); Idaho Code §§ 37–2701 to 37–2723 (1967); Ill.S.H.A. c. 38, §§ 22–1 to 22–49 (1964); Ind.Stat.Ann. §§ 10–3519 to 10–3552 (1956); Iowa Code Ann. §§ 204.1–204.23 (1968); Kan.Stat.Ann. §§ 65–2501 to 65–2522 (1963); Ky.Rev.Stat. §§ 218.010–218.-240 (1962); La.Stat.Ann. §§ 40:601–40:984 (1965); Me.Rev.Stat.Ann., Tit. 22 §§ 2361–2380 (1964); Md.Ann.Code, Art. 27, §§ 276–306 (1957); Mass.Ann. Laws c. 94 §§ 197–217 (1954); Mich. Stat.Ann. §§ 18.1071–18.1098 (1961) [Comp.Laws Mich.1948, §§ 335.51–335.-78]; Minn.Stat.Ann. §§ 618.01–618.25 (1964); Miss.Code Ann. §§ 6844–6869 (1942); Mo.Rev.Stat. §§ 195.010–195.- 270 (1959); Mont.Rev.Codes Ann. §§ 54–101 to 54–128 (1947); Nev.Rev.Stat. §§ 453.010–453.240 (1967); N.H.Rev. Stat.Ann. §§ 318–A:1 to 318–A:26 (1966); N.J.Stat.Ann. §§ 24:18–24:48 (1940); N.M.Stat.Ann. §§ 54–7–1 to 54–7–51 (1953); New York Public Health Law §§ 3300–3354 (McKinney's) (1953); N.C.Gen.Stat. §§ 90–86 to 90–113 (1965); N.D.Cent.Code Ann. §§ 19–03–1 to 19–03–32 (1960); Ohio Rev.Code §§ 3719.01–3719.36, 3719.99 (1953); Okl. Stat.Ann., Tit. 63 §§ 466–469.16 (1963); Ore.Rev.Stat. 474.010–474.990 (1967); Pa.Stat.Ann. Purdon, Tit. 35 §§ 780–1 to 780–31 (1964); R.I.Gen.Laws §§ 21–28–1 to 21–28–67 (1956); S.C.Code of Laws §§ 32–1461 to 32–1495 (1962); S.D.Code §§ 22.1301–22.1324 (1939); Tenn.Code Ann. §§ 52–1301 to 52–1323 (1966); Vernon's Ann.Tex.Pen.Code Art. 725b (1961); Utah Code Ann. §§ 58–13a–1 to 58–13a–48 (1953); Vt.Stat. Ann., Tit. 18, §§ 4201–4225 (1968); Va. Code Ann. §§ 54–487 to 54–519 (1950); Wash.Rev.Code §§ 69.33.220–69.33.960 (1959); W.Va.Code Ann. §§ 16–8A–1 to 16–8A–26 (1966); Wis.Stat.Ann. § 161.25 (1957); Wyo.Stat.Ann., §§ 35–348 to 35–371 (1957).

(a) and as a defense to a prosecution for violation of section 4744(a) is the defendant's standing to assert the privilege. In United States v. Minor, *supra,* a similar problem of standing with respect to the assertion of the privilege in defense to a prosecution for transfer of narcotics without the required order form in violation of section 4705(a) was discussed. The court there concluded that compliance with section 4705(a) considered *in vacuo* would not have subjected defendant to a risk of self-incrimination. The order form, pursuant to which marihuana is to be transferred, is to be obtained by the transferee. Since the privilege against self-incrimination is a personal one, see *e. g.,* United States v. Minor, *supra* at 513, the question arises whether the transferor can assert the privilege when it is the transferee who is required to obtain the prescribed form. Section 4742(c) provides that at the time the form is sold, the name and address of the proposed vendor, as well as the date of sale, the name and address of the purchaser and the amount of marihuana ordered is to be made to appear on the order form. The transferor is thus placed in a position of either requiring that the transferee enter information on the form which will incriminate the transferor or violating section 4742(a). The assertion of the privilege by the transferor is, therefore, an assertion on behalf of himself not merely on behalf of the transferee. Accordingly, I conclude that the transferor has standing to assert the privilege against self-incrimination as a defense to a prosecution for violation of section 4742(a). United States v. Minor, *supra,* is distinguishable in this regard in that the order form provision of section 4705(a) does not require the name and address of the transferor to be placed on the order form. Nor does 26 C.F.R. § 151.185 dealing with this section require such information. The only information required is the size and number of packages and the date of sale.

The motion to dismiss both counts of the indictment is hereby granted.

### ON PETITION FOR RECONSIDERATION

The government has filed a petition for reconsideration of an opinion and order entered herein on June 30, 1969, granting defendant's motion to dismiss both counts of an indictment charging him with violations of the Marihuana Tax Act, 26 U.S.C. § 4741 et seq.

Count I of the indictment charged that defendant transferred a quantity of marihuana not pursuant to a written order on a form issued in blank for that purpose by the Secretary of the Treasury or his delegate, in violation of 26 U.S.C. § 4742(a). Count II of the indictment charged that defendant was a transferee of and transported and facilitated the transfer of a quantity of marihuana without having paid the tax imposed by 26 U.S.C. § 4741(a), in violation of 26 U.S.C. § 4744(a). Defendant's motion to dismiss both counts of the indictment was granted on the ground that the timely assertion of his privilege against self-incrimination under the Fifth Amendment to the Constitution of the United States is a complete defense to the charges in the indictment.

With respect to Count II of the indictment which charges a failure to pay the transfer tax in violation of section 4744(a), the outcome is controlled by the decisions of the United States Supreme Court in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (May 19, 1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (May 19, 1969). The government contends, however, that with respect to the privilege against self-incrimination, a prosecution for transferring marihuana not pursuant to a written order form, in violation of section 4742(a), is distinguishable from a prosecution for failure to pay the transfer tax, in violation of section 4744(a). The government asserts that the obtaining of a written order form by the transferee is at most an indication that the transferor intends to transfer marihuana illegally; that the transferor has until the time of

the actual transfer an option not to transfer marihuana illegally; and that, therefore, the transferor's Fifth Amendment rights are not violated by the written order form requirement. In addition, the government directs the court's attention to two recent decisions. In United States v. Buie, 407 F.2d 905 (2d Cir. 1969), cert. granted 395 U.S. 976, 89 S.Ct. 2150, 23 L.Ed.2d 765 (June 23, 1969), a timely assertion of the privilege against self-incrimination was held not to constitute a defense to a prosecution for violation of section 4742(a). In United States v. Lawler, 413 F.2d 622 (7th Cir., July 10, 1969), a timely assertion of the privilege against self-incrimination was held not to constitute a defense to a prosecution for transferring narcotics not pursuant to a written order form in violation of section 4705(a).

The government's contention that a prosecution for violation of section 4742 (a) is distinguishable from a prosecution for violation of 4744(a) because at most the written order form is an indication that the transferor intends to transfer marihuana illegally, which intention may be revoked prior to the actual time of transfer, is not persuasive. Section 4741(b) provides that the transfer tax shall be paid by the transferee at the time he secures the written order form. It is the written order form which elicits and preserves incriminating information. Therefore, the transferee is in no different position than the transferor with respect to having a possibility of revoking an intention to acquire marihuana illegally. Mere possession of marihuana constitutes a crime in every state (see statutory authority collected in footnote 2 of the opinion and order entered herein on June 30, 1969). It appears that the transferee has an even longer period of time than the transferor to revoke his intention to possess marihuana since the transferor must necessarily acquire possession of the marihuana to be transferred prior to the transfer and the transferee's acquisition of the marihuana.

In United States v. Buie, supra, on which the government relies, the court relied on United States v. Minor, 398 F.2d 511 (2d Cir. 1968) cert. granted 395 U.S. 932, 89 S.Ct. 2000, 23 L.Ed.2d 447 (June 2, 1969), which held that the privilege against self-incrimination was not available as a defense to a prosecution under section 4705(a) for the transfer of narcotics not pursuant to a written order form. In the opinion and order entered herein on June 30, 1969, I concluded that, with respect to the privilege against self-incrimination, a prosecution for violation of section 4742(a) is distinguishable from a prosecution for a violation of 4705(a). Section 4742(c) provides that at the time the form is sold, the name and address of the proposed vendor, as well as the date of sale, the name and address of the purchaser and the amount of marihuana ordered must be made to appear on the written order form. Section 4705, however, does not require the name and address of the transferor to be placed on the order form. 26 C.F.R. § 151.185 dealing with this section requires only that the size and number of packages and the date of sale must be made to appear on the written order form. Although 26 C.F.R. § 151.201 requires the transferor to write his name on the written order form and forward a triplicate copy to the narcotic district supervisor, this is not done until after the transaction is completed, and, therefore, the transferor can comply with the literal requirements of section 4705(a) without providing incriminating information.

With respect to United States v. Buie, supra, it should initially be observed that this decision was rendered prior to the Supreme Court's decisions in Leary v. United States, supra, and United States v. Covington, supra. Moreover, at least one pillar of Buie appears to have been undermined by Leary and Covington. In Buie the court concluded that section 4742(a) was not aimed at a class "inherently suspect of criminal activities", Albertson v. Subversive Activities Con-

trol Board, 382 U.S. 70, 79, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965). In *Leary*, however, the Supreme Court concluded that under the Marihuana Tax statutory scheme persons required to pay the transfer tax constitute a class "inherently suspect of criminal activities". Section 4741(a) imposes the transfer tax on all transfers of marihuana which are required by section 4742 to be carried out pursuant to a written order form. Consequently all transactions for which a transfer tax is required are also transactions for which a written order form is required. Accordingly, if transferees required to pay the transfer tax are members of a class "inherently suspect of criminal activity", so also are transferors who are required to transfer marihuana pursuant to a written order form members of such a class.

In *Buie* the court concluded that since it is the transferee who places the incriminating information on the order form rather than the transferor, the transferor "cannot benefit from the privilege allegedly available to the [transferee]", 407 F.2d at 907 (quoting from United States v. Minor, *supra*, 398 F.2d at 513). The court further concluded that the case of the transferor and the written order form requirement of section 4742(a) "is conceptually no different from a prosecution based on incriminatory admissions voluntarily made to a police informant". *Id.* (citing Hoffa v. United States, 385 U.S. 293, 304, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966)).

I am unable to agree with the reasoning of the court in *Buie*. The court asserted that if the transferor were required to write his name on the written order form or if the transferor and transferee were each required to write his name on the written order form, the transferor's privilege against self-incrimination would be violated. I am unable to distinguish those situations from the dilemma posed for the transferor by section 4742(a). The transferor is placed in the position of either requiring that the transferee enter information on the form which will incriminate the

transferor or violating section 4742(a). The section thus requires the transferor to see to it that incriminating information is provided to the authorities. It is irrelevant whose hand actually places the information on the form. The privilege against self-incrimination could be easily eroded if it could be circumvented by requiring a person to provide incriminating information to the government by means of a third party. It is noteworthy in this respect that the transfer tax requirement involved in *Leary* and *Covington* does not require the transferee to provide incriminating information directly to state and local authorities by whom he is in danger of being prosecuted. It merely requires him to furnish information to federal authorities which may incriminate him as to a state or local offense and requires the federal authorities to furnish this information to state and local authorities upon request.

Finally, the analogy suggested in *Buie* to incriminatory admissions voluntarily made to a police informant is unpersuasive. In the section 4742(a) situation, the government requires that the information be provided; it is the element of voluntariness which is lacking. In *Hoffa*, upon which the *Buie* court relied in making its comment, the Supreme Court emphasized the voluntary character of the statements made.

United States v. Lawler, *supra*, relied upon by the government, followed United States v. Minor, *supra*, in holding that the privilege against self-incrimination is not available as a defense to a prosecution for transfer of narcotics not pursuant to a written order form in violation of section 4705(a). I conclude that United States v. Lawler, *supra*, is distinguishable from the present case for the same reasons that I have concluded that United States v. Minor, *supra*, is distinguishable. Nothing in the *Lawler* opinion dictates a different result here. In fact a careful reading of that opinion appears to support the view that the privilege against self-incrimination is available as a defense to a prosecution

for violation of section 4742(a). In reaching its conclusion with respect to section 4705(a), the court in *Lawler* explained:

"As pointed out [in United States v. Minor, *supra*], the statute only prohibits the sale of narcotics to a purchaser who has not obtained an order form from the Treasury Department. Despite the serious hazard of self-incrimination to which the purchaser may be exposed in complying with such a requirement (see Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57), a seller in Lawler's position may not complain of a theoretical violation of the purchaser's rights. Defendant has not brought to the Court's attention any regulations *which would require the seller of narcotics to participate in or insure his own incrimination through the order form requirement*, but to the extent that any regulation might jeopardize the constitutionality of section 4705 (a) the regulation would have to give way in order that the statute may be saved. Cf. Leary v. United States, 395 U.S. 6, 24–25, 89 S.Ct. 1532, 23 L.Ed. 2d 57." United States v. Lawler, supra, at page 627 of 413 F.2d. (Emphasis added.)

I conclude that because of the requirement of section 4742(c) that at the time the written order form is obtained the name and address of the proposed vendor must be made to appear on the form, a copy of which is to be preserved in the records of the internal revenue district, section 4742(a) requires the transferor to "insure his own incrimination".

I adhere to the determination in the opinion and order entered herein on June 30, 1969, that the timely assertion of the privilege against self-incrimination constitutes a complete defense to a prosecution for violation of section 4742(a) as well as 4744(a).

For the reasons set forth above the petition for reconsideration is hereby denied.