**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert GONZALES, Defendant-Appellant.**

**No. 72–1110.**

United States Court of Appeals, Ninth Circuit.

June 6, 1972.

Rehearing Denied June 28, 1972.

Mitchell W. Egers, of Hanson & Egers, Inc., Los Angeles, Cal., for defendant-appellant.

Barry Russell, Eric A. Nobles, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, TRASK and GOODWIN, Circuit Judges.

PER CURIAM:

The appellant, Gonzales, was convicted on six counts of an eleven count indictment which charged him with conspiracy with one Martinez to possess heroin with intent to distribute it, and to distribute heroin, 21 U.S.C. § 846; and with possession with intent to distribute heroin and distribution of that drug, 21 U.S.C. § 841(a) (1). He was sentenced to serve six concurrent terms of eight years each.

On this appeal, he asserts three claims of error. The first two claims are directed to five of the six counts but not to the conspiracy count. This count is unchallenged, except to the extent that the defense of entrapment may be available to him. For reasons hereinafter

stated, we hold that the defense of entrapment is not so available.

▮ We deem it unnecessary to consider the other errors claimed in the challenges to five of the six counts. The appellant was found guilty on all six and sentenced on each to the same term, the sentences to be served concurrently. The validity of the sentence on the conspiracy count is sufficient to dispose of the case now before us. Benton v. Maryland, 395 U.S. 784, 791, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Hirabayashi v. United States, 320 U.S. 81, 63 S. Ct. 1375, 87 L.Ed. 1774 (1943).

▮ The entrapment which is claimed relates to transactions which occurred between the government informant and appellant's coconspirator. Appellant admits the informant had no direct contact with him. It is well established in this circuit that a defendant may not seek shelter under the defense of entrapment claimed by another. United States v. Sanchez, 440 F.2d 649 (9th Cir. 1971); United States v. Azadian, 436 F.2d 81 (9th Cir. 1971); Carbajal-Portillo v. United States, 396 F.2d 944 (9th Cir. 1968).

The judgment is affirmed.