403 So.2d 1143 (1981)
STATE of Florida, Appellant,
v.
Odillio ALVAREZ, Appellee.
No. 80-1201.
District Court of Appeal of Florida, Second District.
September 23, 1981.
Jim Smith, Atty. Gen., Tallahassee and James S. Purdy, Asst. Atty. Gen., Tampa, for appellant.
William B. Plowman and Raymond R. Pines, Tampa, for appellee.
RYDER, Judge.
The trial court dismissed an information charging Alvarez with the offense of conspiracy to deliver marijuana in excess of 100 pounds. In so doing, the court found that the undisputed facts did not establish a prima facie case against Alvarez. We disagree and reverse.
Alvarez' motion to dismiss asserts that while he was present in Hilton Head, South Carolina with the other alleged co-conspirators, there is no evidence to show that an agreement existed between him and any *1144 other person to commit the crime of conspiracy to deliver marijuana. Allegedly Alvarez' language was Spanish and during all activities set forth in the motion he spoke no English with the exception of the word "Florida." The state's witness, one McFarland, who was present at the meeting in South Carolina, did not speak Spanish and was unable to understand what the appellee said.
The state filed a traverse stating that the conversation in South Carolina with the other co-conspirators took place at a possible marijuana unloading site in the vicinity of Hilton Head. Although appellee was only speaking Spanish, he was directing the activities of the other Spanish speaking individuals. The other co-conspirators interpreted for McFarland. In addition, the state added that Alvarez became frustrated in his attempted negotiations with a shrimp boat captain named Jones concerning the unloading of marijuana and terminated the discussion by ordering the group back to Florida.
The trial court adopted its own unique procedure on the motion to dismiss. If the state denied a material fact in appellee's motion to dismiss, the court would strike that fact and examine the rest of the motion to see if a prima facie case exists.
It should be pointed out that proceeding under rule 3.190(c)(4) is the equivalent of a civil summary judgment and the trial court may not try or determine factual issues nor substitute itself for the trier of fact and determine controverted issues of fact. State v. J.T.S., 373 So.2d 418 (Fla.2d DCA 1979). Here, the state filed a traverse denying under oath material facts alleged in the motion to dismiss, requiring automatic denial of the motion. State v. J.T.S., supra; Fla.R.Crim.P. 3.190(d).
The fallacy in the trial court's approach to the motion is a misconception as to the effect of the denial of fact by the state. The denial does not mean that the facts alleged in the motion do not exist. The denial simply means that the facts are in dispute and therefore present a question for the jury. Once the court struck all disputed facts, it was actually ruling on a totally new pleading. This is error.
Accordingly, the order dismissing the information against appellee is REVERSED, the information is reinstated, and the cause REMANDED for further proceedings.
GRIMES, A.C.J., and OTT, J., concur.