422 So.2d 12 (1982)
STATE of Florida, Appellant,
v.
Louis San MARTIN, Appellee.
No. 81-2055.
District Court of Appeal of Florida, Second District.
June 4, 1982.
Jim Smith, Atty. Gen., Tallahassee, William E. Taylor and Charles Corces, Jr., Asst. Attys. Gen., Tampa, for appellant.
Roger V. Rigau of Rigau & Rigau, P.A., Tampa, for appellee.
RYDER, Judge.
The state appeals dismissal of its information against Louis San Martin. We reverse.
The state charged appellee with robbery, alleging that he took money from the person or custody of Patricia Switzer and Mary Ellen Allen. Appellee filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The motion alleged that the state's prime witness was John M. Colbert, retail manager of Cook's Department Store, where the robbery took place. Appellee and Colbert planned the alleged robbery, and appellee hid in the store after closing. Appellee then emerged at the office, confronted Colbert and the two cashiers named in the information, tied up the cashiers in another room, and took the money from the safe. The motion alleged that the cashiers had no custody or control over the money in the safe which belonged to Cook's. The motion concluded that while appellee may have conspired in the commission of grand theft, he did not commit robbery or use any force to take money from the possession of the cashiers.
The state traversed, admitting that the alleged robbery was planned with Colbert, but denied that the cashiers did not have custody or control over the money. The state alleged that appellee took the money from the custody of the cashiers by threats or force. The traverse responded individually to each paragraph in the motion, either admitting or denying the facts contained therein. When the traverse did deny a fact, an explanatory sentence was added. After hearing on the motion, including the testimony of the two cashiers, the lower court granted the motion to dismiss.
We hold that when the state filed a traverse specifically denying material facts alleged in the motion, the court had no alternative but to deny the motion without the taking of testimony. Fla.R.Crim.P. 3.190(d). See State v. Alvarez, 403 So.2d 1143 (Fla.2d DCA 1981); State v. J.T.S., 373 So.2d 418 (Fla.2d DCA 1979); State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979). The central element of appellee's motion below was that the cashiers did not have a sufficient possessory interest in the money to be robbed of it. The state's traverse denied that the cashiers lacked custody or control over the money. A material fact was thus denied, and the motion must be denied.
*13 We note in passing that the motion to dismiss was not sworn to by appellee, who, later, did swear to an affidavit stating that the facts in the motion were accurate to the best of his knowledge. We do not reach the issue of adequacy of the motion, since the issue may not have been preserved for appeal, but note that such a motion to dismiss must be sworn to by one having direct knowledge of the facts asserted. The motion below does not appear to meet this basic requirement. See State v. Bethea, 409 So.2d 1139 (Fla.2d DCA 1982).
The order granting dismissal below is REVERSED, and the case REMANDED for further proceedings.
HOBSON, A.C.J., and DANAHY, J., concur.