438 So.2d 436 (1983)
The STATE of Florida, Petitioner,
v.
Alfredo PEREZ and Javier Ordonez, Respondents.
No. 83-433.
District Court of Appeal of Florida, Third District.
September 13, 1983.
Rehearing Denied October 26, 1983.
*437 Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for petitioner.
Terrence J. McWilliams, John Lipinski, Carlos L. De Zayas, Miami, for respondents.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The State petitions for a writ of certiorari from an order of the trial court requiring it to disclose to the defendants the identity and whereabouts of a certain confidential informant. The question presented by the State's petition is whether the defendant is entitled to the defense of entrapment[1],[2] (and its concomitant here, a claim for the pretrial disclosure of a confidential *438 informant) where he has had no contact with the confidential informant prior to the narcotics transaction, but alleges that he was unlawfully induced to commit the crime by a friend, who, as conceded by the State, was entrapped by the confidential informant.
A confidential informant, known only as Don, was employed by an undercover narcotics detective. During the course of his employment, Don periodically asked one John Rosado for drugs. At first, Rosado ignored these requests. In July 1982, Don became more insistent and began calling Rosado with increased frequency, asking him for cocaine. Rosado, who apparently had never before been involved in any transaction involving cocaine, ultimately succumbed to Don's pressure and called his friend Perez. Rosado told Perez that Don was pressuring him to get drugs. Shortly thereafter, Rosado began to pressure Perez with frequent calls to help him out. Perez succumbed, a sale was set up, the cocaine was produced, and on August 10, 1982, Rosado and Perez were arrested and, later, charged by information. Thereafter, Perez filed his motion for disclosure of the confidential informant, later amended to include the fact that the State, admitting that Rosado had been entrapped by the confidential informant, had nolle prosequied the charges against Rosado.
Perez does not contend that Rosado was a knowing agent of the police for whose inducing conduct the State would unquestionably be responsible, see, e.g., State v. Liptak, 277 So.2d 19 (Fla. 1973), even if the police were unaware of the conduct. See Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). Acknowledging the general rule that the doctrine of entrapment is inapplicable where the inducement comes from a non-agent private citizen, Pearson v. United States, 378 F.2d 555 (5th Cir.1967); see, e.g., United States v. Garcia, 546 F.2d 613 (5th Cir.), cert. denied, 430 U.S. 958, 97 S.Ct. 1608, 51 L.Ed.2d 810 (1977), Perez argues that his entrapment claim comes within an exception to the rule. The exception, says Perez, is found in United States v. Valencia, 645 F.2d 1158 (2d Cir.1980), where, according to him, the court recognized the defense of vicarious entrapment. If, arguendo, Valencia is read to mean that a defendant has available to him an entrapment defense simply because another, himself entrapped, induced the defendant to commit the crime, then Valencia stands alone for this proposition and is of little help to Perez in light of the otherwise universal (and, in our view, correct) rejection of the vicarious entrapment defense. See United States v. Mers, 701 F.2d 1321 (11th Cir.1983) (rejecting vicarious entrapment theory; "A defendant cannot avail himself of an entrapment defense unless the initiator of his criminal activity is acting as an agent for the government," id. at 1340); United States v. Lee, 694 F.2d 649 (11th Cir.1983) (same); United States v. Noll, 600 F.2d 1123 (5th Cir.1979) (same); United States v. Reed, 526 F.2d 740 (2d Cir.1975), cert. denied, 424 U.S. 956, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976) (same); United States v. Gonzales, 461 F.2d 1000 (9th Cir.), cert. denied, 409 U.S. 914, 93 S.Ct. 230, 34 L.Ed.2d 175 (1972) (same; "a defendant may not seek shelter under the defense of entrapment claimed by another ...," id. at 1001).
"Government responsibility has been rejected where the circumstances showed what might be called `caused' inducement: an agent induces a middleman to commit a crime, and the middleman, responding to the pressure upon him, takes it upon himself to induce another person to participate in the crime." United States v. Myers, 692 F.2d 823, 840 n. 13 (2d Cir. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983).
If, on the other hand, as we believe, Valencia attempts to carve an exception to the no vicarious entrapment rule in a case where the evidence shows that the government agent's inducement is communicated to the defendant by the middleman, namely,
"If a person is brought into a criminal scheme after being informed indirectly of conduct or statements by a government *439 agent which could amount to inducement, then that person should be able to avail himself of the defense of entrapment just as may the person who receives the inducement directly ...," United States v. Valencia, 615 F.2d at 1168,
Perez is no better off. First, we believe such an exception is unjustified, since it would virtually swallow up the rule prohibiting the vicarious entrapment defense. See United States v. Myers, 692 F.2d at 840 n. 13 ("The justification for holding government accountable for a middleman's behavior would be less compelling if the claim were one of `uninstructed transmission': a middleman takes it upon himself to pass an agent's inducement along to others."). Second, the exception would, in any event, have no application to the case at hand. The mere conclusory allegation that Rosado told Perez that Don, the confidential informant, was pressuring Rosado to get drugs, without any description of the importuning or inducement, would not be sufficient to establish Rosado as the transmitting conduit of Don's communications. Third, even were we to find some merit in Valencia and find further that Perez came within it, Valencia still lends no support to Perez's claim for disclosure of the confidential informant, since there is no showing that the informant could do anything more than corroborate the testimony of Perez and Rosado.[3]See Drayton v. State, 372 So.2d 983 (Fla. 3d DCA 1979) (disclosure of confidential informant properly denied where other witness available to testify to what the informant would testify); United States v. Jiles, 658 F.2d 194 (3d Cir.1981), cert. denied, 455 U.S. 923, 102 S.Ct. 1282, 71 L.Ed.2d 465 (1982) (same); United States v. Shursen, 649 F.2d 1250 (8th Cir.1981) (same).
Finally, we consider whether Perez's entrapment claim comes within the separate and more widely recognized exception that where a private citizen, even though unaware that the government or its agent is the moving force, is used by them for the purpose of getting a specific defendant or class of defendants involved in the commission of a crime, the defense of entrapment will lie. See, e.g., United States v. Anderton, 629 F.2d 1044 (5th Cir.1980); United States v. Mayo, 498 F.2d 713 (D.C. Cir.1974) (dictum); United States v. Buie, 407 F.2d 905 (2d Cir.), affirmed sub nom. Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969); Johnson v. United States, 317 F.2d 127 (D.C. Cir.1963). But see Holloway v. United States, 432 F.2d 775 (10th Cir.1970) (entrapment instruction properly denied where defendant was allegedly induced to commit crime by unsuspecting middleman, a private citizen, but had no direct contact with government agent). See generally Note, Entrapment Through Unsuspecting Middlemen, 95 Harv. L.Rev. 1122 (1982). Because, in the present case, there is not the slightest indication that the police or their confidential informant enlisted the unsuspecting Rosado's aid to get Perez, we find that the exception carved by this line of authority is unavailing to Perez.
Accordingly, since Perez has no defense of entrapment available to him, and the disclosure of the identity and whereabouts of the confidential informant is not necessary to either this defense or any other defense he might interpose, we grant the State's petition for writ of certiorari and quash the order of the trial court under review.
Certiorari granted.
HENDRY, J., dissents.
NOTES
[1] Entrapment as a defense is rooted in the notion that it is not the intent of the criminal laws to prosecute or punish persons where the criminal design originates with government or state officials who implant in the mind of an otherwise innocent person the disposition to commit the offense and induce its commission. Sorrells v. United States, 287 U.S. 435, 448, 53 S.Ct. 210, 215, 77 L.Ed. 413, 420 (1932). See Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Bell v. State, 369 So.2d 932 (Fla. 1979); Lashley v. State, 67 So.2d 648 (Fla. 1953). But where the defendant is predisposed to commit the crime, no amount of inducement, short of being so outrageous as to violate due process principles, see, e.g., United States v. Twigg, 588 F.2d 373 (3d Cir.1978), will preclude conviction and punishment. See Hampton v. United States, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); State v. Dickinson, 370 So.2d 762 (Fla. 1979); State v. Isaac, 436 So.2d 189 (Fla. 2d DCA 1983); State v. Cruz, 426 So.2d 1308 (Fla. 2d DCA 1983); State v. Brider, 386 So.2d 818 (Fla. 2d DCA), rev. denied, 392 So.2d 1372 (Fla. 1980).
[2] Ordonez, the other co-defendant and co-respondent here, was arrested when Perez, under surveillance, unwittingly led the police to Ordonez's place of business where apparently some cocaine was found. Ordonez makes no claim of entrapment. While he would like to be the beneficiary of the disclosure of the confidential informant, it is clear that such disclosure is unnecessary to perfect his putative defenses. We therefore deal with Perez's claim only.
[3] At the time of the hearing below, Rosado claimed that he would refuse to testify on Perez's behalf on the ground of self-incrimination. He conceded, however, that after the speedy trial period had run (at that time, approximately another sixty days remained), he would feel free to testify for Perez.