477 So.2d 9 (1985)
Reinaldo ACOSTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2129.
District Court of Appeal of Florida, Third District.
October 1, 1985.
Rehearing Denied November 13, 1985.
Bennett H. Brummer, Public Defender, and Mark A. Dienstag and Elizabeth J. Rickenbacker, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant was induced into a drug deal as a "runner" by a seller named Armando Acosta, who was brought into the transaction *10 by a man named Santos, who was enticed to set up the deal in exchange for sexual favors offered by Yolanda Padron, a paid police informant. Appellant acknowledges a lack of standing to raise an entrapment defense. See Sarno v. State, 424 So.2d 829 (Fla. 3d DCA 1982), rev. denied, 434 So.2d 888 (Fla. 1983); see also State v. Perez, 438 So.2d 436 (Fla. 3d DCA 1983) (entrapment inapplicable where inducement comes from a private citizen who is not a government agent). He seeks reversal of a conviction for trafficking in controlled substances relying on the broader principle that "the conduct of law enforcement agents [was] so outrageous that due process principles ... absolutely bar the government from invoking judicial processes to obtain a conviction." United States v. Russell, 411 U.S. 423, 431-32, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366, 373 (1973). See United States v. Twigg, 588 F.2d 373 (3d Cir.1978); State v. Glosson, 462 So.2d 1082 (Fla. 1985).
No case has applied a theory of vicarious entrapment or outrageous conduct of law enforcement agents to exonerate a defendant who is three steps removed from the government misconduct or who is neither a target of the government's sting operation nor is present during, or knowledgeable of, the informant's inducement activities. Cf. United States v. Valencia, 645 F.2d 1158, 1168-69 (2d Cir.1980) (vicarious entrapment defense available only where the defendant first introduces admissible evidence that the government agent's inducement was communicated to him by another). The facts of this case do not compel a reversal of the conviction.
Affirmed.