528 So.2d 76 (1988)
STATE of Florida, Appellant,
v.
Eddie Alejandro GARCIA and Memuel Fentes, a/K/a Hermus Manuel Garcia, Appellees.
No. 87-438.
District Court of Appeal of Florida, Second District.
July 6, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellant.
Arthur N. Eggers of Arthur N. Eggers, P.A., Tampa, for appellee Eddie Alejandro Garcia.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellee Memuel Fentes.
CAMPBELL, Chief Judge.
Appellant, State of Florida, appeals a trial court order granting appellees' motions to dismiss. Appellees, Eddie Alejandro Garcia and Memuel Fentes, also known as Hermus Manuel Garcia, were charged with trafficking in cocaine, conspiracy to *77 traffic in cocaine, possession of cocaine and delivery of cocaine. Appellees' motions to dismiss alleged a violation of due process of law because of the outrageous conduct of an informant. The motions were granted on the basis of vicarious entrapment and subjective due process. We reverse.
No testimony was given at the hearing on the motion to dismiss. The factual events were not precisely determined. It appears that on August 7, 1986, a police informant went to another codefendant's (Figueredo's) place of employment to discuss the sale of guns and narcotics with yet another individual who declined participation. Counsel for Figueredo alleged that the informant then discussed the sale of narcotics with Figueredo and assaulted and threatened Figueredo with a firearm to persuade him to provide the drugs. Appellant argues that the informant was not pointing the gun at Figueredo, but was merely showing it to him. In any event, the informant left Figueredo's place of employment and went to the police office. The informant and Figueredo discussed the arrangements for the deal during several subsequent telephone conversations.
Figueredo arrived at the prearranged location with several others, including both appellees. While appellee Fentes asserts that he knew that Figueredo had been threatened with a gun, that knowledge came from Figueredo and not from any contact between the informant and either appellee.
Appellant argues on appeal that it was error to grant the motions to dismiss because appellees were neither entrapped nor were their due process rights violated by the informant's alleged actions with Figueredo. We agree.
Appellees argue that since the middleman, Figueredo, was the victim of police misconduct and thus objectively entrapped, they also were the subjects of vicarious objective entrapment. See Cruz v. State, 465 So.2d 516 (Fla. 1985), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). The charges against Figueredo were dismissed because of the informant's actions with the gun. That dismissal was per curiam affirmed by this court. State v. Figueredo, 522 So.2d 396 (Fla. 2d DCA 1988). However, this does not entitle appellees to use the same defense. Several cases have held that the defense of entrapment is not available if the inducement to act comes from a private citizen who is not a government agent. Acosta v. State, 477 So.2d 9 (Fla.3d DCA 1985); State v. Perez, 438 So.2d 436 (Fla.3d DCA 1983). Those cases are analogous to the case here. Although the middleman may have been entrapped because of the informant's actions, appellees had no contact with the informant. When a middleman induces another person to participate in the crime, entrapment does not apply. Perez. Appellees are simply too far removed from the alleged improperly-acting informant. Acosta.
In United States v. Valencia, 645 F.2d 1158 (2d Cir.1980), opinion amended by U.S. v. Valencia, 669 F.2d 37 (2d Cir.N.Y. 1980), the court held that a defendant who was informed of the inducement should be afforded the defense of vicarious entrapment. We reject reliance on that case which apparently stands alone in its recognition of the vicarious entrapment defense and instead agree with the court's reasoning in Perez. See United States v. Bradley, 820 F.2d 3 (1st Cir.1987), declining to follow United States v. Valencia, 645 F.2d 1158 (2d Cir.1980).
Appellees further argue that if subjective entrapment does not apply, objective entrapment does because their due process rights have been violated. The determination of that defense is an objective question of law and we conclude that the trial court erred in deciding that the violation of Figueredo's due process rights tainted the entire activity and thereby violated appellees' due process rights. See State v. Glosson, 462 So.2d 1082 (Fla. 1985).
We reverse and remand for trial.
SCHEB and THREADGILL, JJ., concur.