PER CURIAM.
This is an appeal by the defendant John Leon Smith from final judgments of conviction and sentences for attempted burglary, burglary, and battery which were entered below upon his nolo contendere plea in which he specifically reserved for appeal the denial of his sworn motion to dismiss the informations herein under Fla.R.Crim. P. 3.190(c)(4). In support of this dispositive point, the defendant urges on appeal that the trial court erred in denying the motion to dismiss because the undisputed facts before the court established that the defendant was a subtenant and lawful resident of the burglarized apartment.
We disagree and affirm because on this record there is a material disputed fact as to whether the defendant, although previ-, ously a month-to-month subtenant of the said premises, ceased paying rent to the tenant several months prior to the subject burglary incidents and thereafter became a guest of the tenant. The defendant averred in his sworn motion to dismiss that he paid half the monthly rent due on the premises to the tenant and, therefore, had *326 a month-to-month subtenancy in the apartment. (R.6). The tenant, however, testified before the trial court that the defendant ceased paying any bills on the apartment before he moved out in April 1988— and that the defendant’s nonpayment of bills began in January 1988, several months before the burglary incidents, when the defendant was not working steadily. (R.7). If, as the state claimed, the defendant was a mere guest in the apartment after January 1988, it follows that (a) the defendant’s guest status was thereafter terminated when the tenant called the police in April 1988 and had the defendant physically removed from the said premises, and (b) the defendant’s subsequent return to the subject premises and forcible, non-consensual entry and attempted entry therein constituted a burglary and attempted burglary of the subject premises. In re M.E., 370 So. 2d 795 (Fla.1979); Adirim v. State, 350 So.2d 1082 (Fla. 3d DCA 1977), cert. denied, 365 So.2d 709 (Fla.1978).
Given the above-stated material disputed fact, the trial court was eminently correct in denying the defendant’s sworn motion to dismiss under Fla.R.Crim.P. 3.190(c)(4). See State v. Carda, 495 So.2d 912, 914 (Fla. 3d DCA 1986); State v. Alvarez, 403 So.2d 1143, 1144 (Fla. 2d DCA 1981); State v. Bryant, 373 So.2d 708, 709 (Fla. 3d DCA 1979). The final judgments of conviction and sentences under review are therefore, in all respects,
Affirmed.