575 So.2d 314 (1991)
STATE of Florida, Appellant,
v.
Harold W. SMITH and Matthew S. Bandler, Appellees.
No. 90-01882.
District Court of Appeal of Florida, Second District.
March 1, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellant.
Kenton H. Haymans, Farr, Farr, Haymans, Emerich, Sifrit & Hackett, P.A., Punta Gorda, for appellee Harold W. Smith.
Harry M. Rapkin, Cheves, Rapkin & DeCiantis, P.A., Venice, for appellee Matthew S. Bandler.
ALTENBERND, Judge.
The state appeals an order dismissing the informations against Harold W. Smith and Matthew S. Bandler due to entrapment. We reverse the order because it was granted on the basis of unsworn motions to dismiss, and testimony contained in discovery depositions.
On February 9, 1990, the state charged the defendants with dealing in stolen property. § 812.019(1), Fla. Stat. (1989). The charges arose out of an undercover operation in which the police were selling lawn mowers and construction equipment to purchasers who were led to believe the items were stolen. Each defendant moved to dismiss his information. The unsworn motions alleged factual matters which had been disclosed by the police officers and by an undercover operative in discovery depositions. The defendants argued that the conduct of the police violated due process and constituted entrapment under the objective test described in Cruz v. State, 465 So.2d 516 *315 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). Since the objective test is a matter of law, the defendants correctly requested a ruling on this defense by the trial judge rather than by the jury. See Bowser v. State, 555 So.2d 879 (Fla. 2d DCA 1989).
The state filed sworn traverses in response to the motions, maintaining that there were disputed material facts. Thereafter, the trial court held a hearing on the motions. Neither party presented any testimony at the hearing. Instead, over the objection of the state, the defendants relied upon copies of the several discovery depositions. The trial court granted the motions to dismiss based exclusively on the unsworn motions to dismiss and the discovery depositions.
In this case, the trial court was not authorized to resolve this issue pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). In order to invoke that summary procedure, the defendants were required to swear to the factual contents of their motions. State v. Martin, 422 So.2d 12 (Fla. 2d DCA 1982). The state did not waive this requirement.
The defendants argue that their motions were not filed pursuant to rule 3.190(c)(4) and that they lack the ability to swear to information contained in discovery depositions obtained from the police officers. We recognize that a defendant may not be able to swear to all of the facts necessary to support a motion to dismiss based on the defense of entrapment. Thus, a defendant may need to file a motion to dismiss under rule 3.190(b) which alleges the essential facts but is not completely verified. However, when a defendant cannot swear to all of the factual allegations in the motion to dismiss, the trial court must still have an evidentiary basis to decide the issue of objective entrapment.[1]
Unless the state stipulates to the use of discovery depositions at a hearing on such a motion, there is no authority for the trial court to consider such transcripts in lieu of testimony. See Fla.R.Crim.P. 3.190(j)(6), 3.220(h)(1); State v. Basiliere, 353 So.2d 820 (Fla. 1977); Clark v. State, 572 So.2d 929 (Fla. 5th DCA 1990). While it may be unreasonable for the state to refuse to stipulate to the use of depositions in some cases, there clearly are circumstances in which the state would have valid reasons to refuse such a stipulation. In this case, for example, the prosecutor had no reason under the established rules of criminal procedure to cross-examine the law enforcement officers during these depositions. Thus, the state's response to the entrapment defense is not necessarily contained in the depositions. Likewise, the depositions do not contain the testimony of a private citizen whose involvement in these transactions may be critical to the entrapment defense. See State v. Garcia, 528 So.2d 76 (Fla. 2d DCA), review denied, 536 So.2d 244 (Fla. 1988).
There is nothing to prevent the trial court from resolving this issue prior to trial, but the factual basis for the ruling must be derived either from a sworn motion or from evidence introduced at an evidentiary hearing.
Reversed and remanded.
LEHAN, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The parties to this appeal, both at the trial court and in this court, have assumed that the defendants have the initial burden of proof and persuasion concerning the objective test for entrapment. That assumption may well be correct. See ch. 87-243, § 42, Laws of Fla. (codified at § 777.201(2), Fla. Stat. (1989)). We note, however, that the Florida Supreme Court in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), said "[t]he effect of a threshold objective test is to require the state to establish initially whether `police conduct revealed in the particular case falls below standards, to which common feelings respond, for the proper use of governmental power,'" quoting Sherman v. United States, 356 U.S. 369, 382, 78 S.Ct. 819, 825, 2 L.Ed.2d 848, 856 (1958) (Frankfurter, J., concurring in the result). We express no opinion on these issues.